## THE PEOPLE v. SIMON GOLDBERG.

*Receiving stolen goods—Comp. L. § 7607.*

An information for receiving stolen goods need not allege the time and place of the theft.

In a prosecution for receiving stolen goods, the People are not obliged to call as a witness a person at whose house the goods were afterwards found.

Exceptions certified before sentence from the Recorder's Court of Detroit. Submitted Oct. 23. Decided Oct. 31.

RECEIVING STOLEN GOODS. Defendant was found guilty.

Attorney General *Otto Kirchner* for the People. An information for receiving stolen goods need not allege where they were stolen, Archb. Cr. Pr., 476; Tiffany's Crim. Law, 806.

*Hawley & Firnane* for respondent. All the elements of a statutory crime must be set forth in the information, *Koster v. People,* 8 Mich., 432; *Napman v. People,* 19 Mich., 352; *Enders v. People,* 20 Mich., 240; *People v. Olmstead,* 30 Mich., 439; *Morissey v. People,* 11 Mich., 327; the prosecution should call any witness that is likely to add to the knowledge of the case, *Wellar v. People,* 30 Mich., 16; *Hurd v. People,* 25 Mich., 406.

GRAVES. J. Goldberg was convicted on a charge of receiving stolen goods knowing they were stolen. The information was in the usual form and did not allege the time or place of the theft.

The evidence for the people, admitted against objection, was directed to make out that the stealing was in Canada. The defense first argued against the admission of this evidence, and secondly in favor of an instruction in relation to it, that the charge made in the information imported no more than that the theft was a domestic

one, and not a larceny committed in a foreign country, and hence that proof that the goods were stolen in Canada was not pertinent to the charge and would not support it. The court ruled adversely and this presents the first exception.

In prosecuting for the act imputed to Goldberg, the People count on the second section of the law of 1850, being § 7607 of the compilation of 1871. It is as follows:

"Every receiver of personal property that shall have been feloniously stolen, knowing the same to have been stolen, may be indicted, convicted, and punished in any county where he received or had such property, in the same manner that receivers of personal property stolen in this State are indicted, convicted, and punished, notwithstanding such theft was committed in any other state or country."

The learned counsel for defendant argues that in order to convict under this provision, where the theft has been committed in "another state or country," it is indispensable that the information set forth the place, and if his position depended on general reasoning, it would be difficult perhaps to overcome it.

But the question does not turn upon notions of expediency or any abstract ideas as to what would be most felicitous in pleading or theoretically wise. The provision first directs attention to the "manner" in which receivers of property stolen in the State may be "*indicted*," convicted and punished, and then in the most express terms declares that in case the property has been stolen "in any other state or country," the "manner" of indicting may be the same. The provision applies of course to informations, and hence it follows that the right is given positively to inform in the same "manner" where the goods have been stolen "in any other state or country" as where they have been stolen in this State. The matter is not left to be decided on any judicial views of what would be best. The statute has determined, and the validity of the regulation is not questioned.

The only inquiry is as to whether it was or is necessary to set forth the place of the theft if committed in this State. No one contends that any such averment is or has been necessary. The authorities without exception hold that no such allegation is required; *Holford v. The State*, 2 Blackf., 103; 2 Bishop's Crim. Pro., § 984. See also *Com. v. White*, 123 Mass., 430, and *United States v. Cook*, 17 Wall., 168. The Michigan cases cited to support the position of defendant's counsel do not apply.

Two witnesses, Sturgeon and Shepard, testified for the People that they, in company with one McCoy, stole the goods, and in the evening of the day on which the theft was committed, brought them to Detroit and there immediately delivered one parcel, and the next night the rest, to the defendant; that the delivery was to him alone, and that he paid them for the goods. One Girardin also swore to conversations with defendant which went to corroborate the testimony given by the thieves about defendant's reception of the property. The testimony of two other witnesses tended to show that the goods were found at the house of one Goldsmith, who was defendant's brother-in-law. Goldsmith was in court, but not being called by the People, defendant's counsel, after defendant had made his statement, asked the court to require the prosecution to call Goldsmith as a witness for the People and the court refused, and this presents the remaining exception.

The objection cannot be maintained. The offense consisted in the guilty receiving of the property, and the evidence for the People was aimed to make out that this was a distinct personal act identified by direct proof; that it was accomplished and complete apart from any subsequent deposit at Goldsmith's, and it is not pretended that Goldsmith was present at the fact. Indeed the evidence imports that he was not. The case did not, therefore, impose any duty upon the prosecution to call him as a witness. He was in court and

might have been called by the defense, but was not. The exception has no merit.

The exceptions should be overruled and it should be certified to the court below to proceed to judgment.

CAMPBELL, C. J., and COOLEY, J., concurred.

MARSTON, J.  I am unable to agree with my brethren as to the sufficiency of the information in this case.  I think this question has not heretofore been distinctly passed upon in this State.  I do not overlook the decision of this court in *People v. Williams*, 24 Mich., 156, which holds that where a larceny has been committed in another state of our Union, and the wrong is continued within our own State, the party may be here indicted and tried, under the statute, in the same manner as if the larceny had been committed in this State. I am not willing, however, to gradually keep extending the doctrine there laid down.  I understand one of the fundamental rules of criminal pleading to be, that the offense charged must be set forth in the information with sufficient fullness and accuracy, so that the accused may be informed of the nature of the accusation, and that he may know what he is to meet, and prepare for trial.  The original larceny in this case, if any, was committed in a foreign country.  If no larceny was there committed, the respondent in this case was not guilty of the offense charged, of receiving stolen property.  Upon the trial the first and most essential step would be for the prosecution to show that a foreign crime had been committed, an essential matter, of which the information gave not the slightest intimation; but upon its face, in so far as it alleged anything, alleged a larceny in Wayne county in this State.  Such evidence of a foreign crime when first introduced must necessarily be a surprise to the accused, if innocent, and must almost inevitably find him unprepared to meet it.

The principles laid down in several important cases

in this State, which were fully considered, in my opinion condemn the method of pleading resorted to in this case, and in my opinion they should be followed. *Brown v. People*, 29 Mich., 232; *People v. Olmstead*, 30 Mich., 431; *Meister v. People*, 31 Mich., 99.