## THE PEOPLE v. JOSEPH J. HUBBARD.

*Criminal law—Receiving stolen property—Venue—Satisfaction—*
*Sentence—Certiorari.*

1. The satisfaction which a receiver of stolen property is permitted to make under How. Stat. § 9143, upon his first conviction, and thereby escape imprisonment in the State prison, may be made by the respondent individually, or by any one in his behalf; but it must be made for the purpose mentioned in the statute.

   So *held*, where the respondent, prior to his conviction, loaned one of the thieves money with which to pay the owner for the stolen property, taking security for such loan, which is held not to be a compliance with either the letter or spirit of the statute.

2. A receiver of stolen property, in order to avoid imprisonment in the State prison under How. Stat. § 9143, must make a showing to the circuit judge before sentence that it is his first offense, and that he has made satisfaction to the injured party.

3. Where a larceny is committed in one county, and the stolen property is delivered to a receiver in an adjoining county, and within 100 rods of the line dividing the two counties, the receiver may be prosecuted in the county where the larceny was committed.[1]

4. Whether *certiorari* is the proper process to bring up for review the alleged wrongful action of a circuit judge in sentencing a receiver of stolen property to State prison who, as claimed, had made satisfaction to the injured party under the statute, is not decided, but, the circuit judge having made return to the writ, the Court dispose of the errors assigned upon such return.

*Certiorari* in aid of writ of error to Allegan. (Arnold, J.) Argued June 18, 1891. Decided July 3, 1891.

---

[1] How. Stat. § 9418, provides that where an offense is committed on the boundary of two counties, or within 100 rods of the dividing line between them, it may be alleged in the indictment (information) to have been committed, and may be prosecuted and punished, in either county; and section 9520 provides for the indictment, trial, and conviction of a receiver of stolen property in any county where he received or had such property, notwithstanding the theft was committed in another county.

Respondent was convicted of receiving stolen property, etc., and sentenced to State prison. Judgment affirmed. The facts are stated in the opinion and foot-note.

*O. T. Tuthill,* for respondent, contended:

1. It was respondent's first offense, and, while this does not appear, it is so presumed unless otherwise charged in the information; citing *People v. Caulkins,* 67 Mich. 488.

2. The statute under which relief is claimed from the sentence is remedial, although connected with a criminal statute, and must be liberally construed, which can mean nothing else than, as far as possible with consistency, to favor the respondent, and give him the benefit of the right and remedy provided after his conviction to save the disgrace and punishment of sentence to State prison; citing *Alvord v. Lent,* 23 Mich. 371; *Toll v. Wright,* 37 Id. 101; *Saterlee v. Stevens,* 11 Ohio, 420; *Pollock v. Speidel,* 27 Ohio St. 86; *State v. Harmon,* 31 Id. 250; and the strict letter of the statute may be restrained to avoid injustice or a defeat of the object of the law and the intent of the law-makers, and a construction that will lead to great inconvenience is to be avoided; citing *Watkins v. Atkinson,* 2 Mich. 154; and construction should favor equities, rather than technicalities; citing *Johnson v. Ballou,* 28 Mich. 392.

3. It has certainly been held by this Court that, if the receiver did make restitution and return of the stolen goods, he could not be sent to State prison; citing *In re Franklin,* 77 Mich. 615.

*A. A. Ellis,* Attorney General, and *H. Hart,* Prosecuting Attorney, for the people.

CHAMPLIN, C. J. Hubbard was convicted of the offense of having received stolen goods, knowing them to have been stolen. The case is brought to this Court by *certiorari* after sentence.

The errors assigned are as follows:

"1. The said Judge Arnold sentenced the defendant, J. J. Hubbard, to the State prison at Jackson for two years, well knowing—

"*a*—That it was the first conviction of defendant for receiving stolen property.

"*b*—That, without any proof to the contrary, the conviction of defendant for said offense would be presumed his first offense of the crime as charged.

"*c*—That the act of stealing the property as charged was, as claimed and charged to be, only a simple larceny, and not a compound or aggravated one.

"*d*—That full restitution for all property the aggrieved party, Horace G. Bingham, claimed to have been received by deponent as stolen from him, he (the said aggrieved party) had received full restitution and satisfaction for from deponent, or in his behalf.

"2. For the reason that said circuit judge imposed said sentence of imprisonment in the State prison for two years on said Hubbard when it was defendant's first conviction of receiving stolen property, when the act of stealing the clover seed, buckwheat seed, and bags received by defendant was a simple larceny, and when defendant had made and caused to be made restitution of all the stolen property to said Horace G. Bingham, the aggrieved party.

"3. Because said circuit judge sentenced said defendant to State prison when he was a judge of Allegan county, and not of Van Buren county, where the proof showed in the case he received the property and had it, and did not have or receive it in Allegan county at all, and of which offense the said circuit judge imposing said sentence had no jurisdiction to hear, try, or sentence for.

"4. Because the information in this cause does not allege the value of the property stolen, claimed to be received by deponent, whether it was of any value at all, and is fatally defective, and gave the court no jurisdiction."

Without deciding upon the propriety of the process of *certiorari* to bring the matters alleged in the assignments of error before the Court, the circuit judge having made his return to the writ, we shall dispose of the errors assigned upon such return, from which it appears that testimony was introduced tending to show the value of the property stolen to exceed the sum of $25, and that before the conviction of respondent the owner was paid for the property stolen by one Fred Hayes, who was one of the thieves who committed the larceny. Hayes testified that Hubbard wanted him to go and settle it up, and said that by going and buying the seed it would straighten the thing up; that he (Hayes) told him he had not the money; and Hubbard said he would get him the money, and take his steers as security. The testimony of two other witnesses tended to show that Hayes borrowed the money from Hubbard, and gave him a yoke

of steers as security, and with the money Hayes paid and satisfied the owner of the property for the amount stolen. These facts were also testified to by the respondent, who was sworn in his own behalf.

It does not appear that any effort was made after Hubbard's conviction to satisfy the trial judge that this was Hubbard's first offense of the crime charged, or that he had returned the property stolen, or made restitution. But his counsel claims that the evidence given upon the trial shows that restitution was made, and that Hubbard advised it to be done, and furnished the money therefor, and that he is entitled to the same benefit of the satisfaction made by Hayes as if made by himself. He contends that the object of the statute is to make the owner whole, and to allow the receiver of the stolen property to escape sentence to State prison; and therefore it can make no difference who makes the restitution; the object and purposes of the statute are accomplished if made by any one.

The statute provides that upon a first conviction of any person for receiving stolen property, when the act of stealing the property was a simple larceny, if the party convicted of receiving such stolen property shall make satisfaction to the party injured, to the full value of the property stolen and not restored, he shall not be imprisoned in the State prison. The circuit judge, in his return to the writ of *certiorari*, certifies that—

"No claim was made, either upon the trial of said cause or afterwards before sentence, by or in behalf of said Hubbard before me, that he (said Hubbard) had ever made satisfaction for or restoration of the stolen property received by him, nor at all by any one, to my knowledge, until the writ of *certiorari* in this cause was served upon me."

It thus appears from the record before us that the respondent did not claim that he had made restoration,

and the only evidence that any such restoration was made appears from the testimony upon the trial, which, as before stated, shows that the respondent loaned the money to Hayes, and that he made such restoration or satisfaction as was made.

It was undoubtedly the object of the statute to permit a respondent who had been convicted of receiving stolen property for the first time to escape the punishment of being imprisoned in the State prison by making a restoration or satisfaction to the party injured; and this satisfaction may be made by the respondent individually, or by any one in his behalf, if made for the purpose, and the fact of such satisfaction being brought to the attention of the court before sentence. But in this case it does not appear from the testimony upon the trial that the respondent made satisfaction, or that any person made such satisfaction in his behalf. He simply loaned the money to one of the thieves who had stolen the property, and had taken satisfactory security to himself for the repayment of such money; so that it does not appear to come within either the letter or the spirit of the statute. And we think, further, that, where such satisfaction is made for the purpose of escaping imprisonment in the State prison, a showing should be made of that fact to the circuit judge before sentence, in which it should appear that it was his first offense, and that he had made satisfaction to the injured party.

This not having been done, we do not see how the respondent can avail himself now, after sentence, of the facts appearing upon the trial, in order to reverse the sentence of the court below; and we think, upon the record appearing in the return of the circuit judge, that the judgment in the court below must be affirmed.

It was conceded upon the argument of the case before us that the respondent resided in Allegan county, where

the larceny was committed, and it was also conceded that the respondent lived within 100 rods of the county line between Allegan and Van Buren counties; the record showing also that the respondent's farm and residence adjoined the county line.[1] This being so, the circuit court of Allegan county had jurisdiction, under the statute, to try the respondent for the crime charged, and to impose the sentence prescribed by law.

The other Justices concurred.

---

[1] Respondent's house was in Allegan county, and his barn, where he *received* the stolen property, was in Van Buren county, and both buildings were within 100 rods of the line dividing the two counties.