THE PEOPLE v. CHARLES SMITH.

*Criminal law—Practice—Receiving stolen property—Punishment—Information—Restitution to owner.*

1. It is not necessary in an information for receiving stolen property to allege the time and place of the theft; citing *People v. Goldberg,* 39 Mich. 545; and, if it were, the objection should be taken by demurrer or motion to quash; citing *People v. Schultz,* 85 Mich. 114.

2. How. Stat. § 9142, which provides for a greater maximum punishment for receiving stolen property than for the larceny itself, does not authorize cruel and unusual punishment.

3. A receiver of stolen property, in order to avoid imprisonment in the State prison under How. Stat. § 9143, must make a showing to the court before sentence that it is his first offense, and that he has made satisfaction to the injured party; citing *People v. Hubbard*, 86 Mich. 440.

Error to recorder's court of Detroit. (Chambers, J.) Submitted on briefs February 1, 1893. Decided February 17, 1893.

Respondent was convicted of receiving stolen property, and sentenced to imprisonment in the State prison for 5 years. Judgment affirmed. The facts are stated in the opinion.

*Edward S. Grece,* for respondent, contended:

1. The information is fatally defective, in that it fails to set out the original larceny; citing *Koster v. People*, 8 Mich. 431; *Enders v. People*, 20 Id. 233; *People v. Chappell*, 27 Id. 488; *Chapman v. People*, 39 Id. 359; *Byrnes v. People*, 37 Id. 515; *People v. Calvin*, 60 Id. 119; Const. art. 6, § 28; and, as no crime was charged, respondent was not bound to object to the information; citing *Hill v. People*, 16 Mich. 351; *Swart v. Kimball*, 43 Id. 443.

2. In support of the claim that the sentence is cruel and unusual, counsel cited How. Stat. § 7133; *Nelson v. People*, 38 Mich. 618; *Brown v. People*, 39 Id. 57; *Gordon v. People*, 44 Id. 485.

3. In a case like this, where by the record simple larceny only was the original crime, a sentence to the State prison cannot be imposed, unless the trial judge makes it to appear by the record that it was not made to appear to him before sentence to be the first offense, and that satisfaction had not been made to the injured party.

*A. A. Ellis,* Attorney General, and *Samuel W. Burroughs,* ex-Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of receiving stolen property, under How. Stat. § 9142. The information charged that the property taken was of the value of one dollar; was the property of one William J. Plackett; and that it had been stolen. The respondent, upon

arraignment, pleaded not guilty, and proceeded to trial without any objections to the form of the information. He was sentenced to the State prison for five years.

1. His counsel now insists that the information is defective, in that it does not allege when, where, or by whom the larceny of the property was committed. The objection comes too late. It should have been taken by demurrer, or by motion to quash. How. Stat. § 9535; *People v. Schultz*, 85 Mich. 114. The objection itself, however, is without merit. This Court has already decided that in such an information it is not necessary to allege the time and place of the theft. *People v. Goldberg*, 39 Mich. 545.

2. It is urged that the sentence is cruel and unusual, since the property received was of the value of less than $25, and the thief, upon conviction, could not have been sentenced to prison for more than one year. Upon the Legislature alone is conferred the power to fix the minimum and maximum of the punishment for all crimes. A law which provides a greater maximum penalty for receiving stolen property than for the larceny of it cannot be held to authorize cruel and unusual punishment.

3. No question of the restitution of the property is raised upon this record. If the respondent desired to avoid imprisonment in the State prison by making restitution, if it was the first offense, it became his duty to show that fact to the court before sentence. *People v. Hubbard*, 86 Mich 440. The record is entirely silent upon this point.

Judgment affirmed.

The other Justices concurred.