PEOPLE *v.* KORN.

1. CRIMINAL LAW—WITNESSES—TESTIMONY GIVEN ON EXAMINA-
   TION—TRIAL.

   In a prosecution for receiving stolen property, prosecutor's
   questioning of the complaining witness about his testi-
   mony at the examination might have been proper for the
   purpose of refreshing his recollection but not to get be-
   fore the jury as substantive evidence what he testified
   to on examination, and the jury should have been warned,
   or at least instructed, as to the legitimate purpose of
   such questioning.

2. SAME—ARGUMENT OF PROSECUTOR—FAILURE TO REQUEST RUL-
   ING OR INSTRUCTION.

   Although argument by the prosecutor was highly prej-
   udicial, in the absence of any ruling or request to charge
   thereon, the Supreme Court, on error, can do no more
   than express disapproval thereof.

3. SAME—TRIAL—EXHIBITS.

   That the prosecutor had in the view of the jury more
   wearing apparel than was finally identified, *held*, not
   error.

4. SAME—RECEIVING STOLEN GOODS—EVIDENCE—DUTY TO EXPLAIN
   POSSESSION.

   Evidence of conduct on the part of defendant tending to
   show that he had knowledge that the goods had been
   stolen called upon him to explain his possession.

5. SAME—TRIAL—INSTRUCTIONS.

   The charge of the trial judge that the possession of stolen
   property "unsatisfactorily explained," instead of "unex-
   plained," is some evidence of guilt, while open to criticism,
   *held*, not reversible error.

6. SAME—INSTRUCTIONS CALLED FORTH BY ARGUMENT NOT ERROR.

   Instruction by the trial judge that the question of the
   punishment to be meted out to defendant, if convicted,
   devolved upon the court, that whether he be placed on
   probation, or sentenced to a short or long term, if con-

   On knowledge necessary to convict one of receiving stolen
property, see note in 22 L. R. A. (N. S.) 833.

victed, was a matter of responsibility that the court had
to shoulder, *held,* not error, where brought forth by the
argument of counsel.

7. SAME—"SIMPLE LARCENY"—DEFINITION.
  "Simple larceny" is one not accompanied by any such
  circumstances as aggravate the offense and increase the
  punishment.

8. SAME—"GRAND" AND "PETIT" LARCENY.
  In this State there has never been any subdivision of
  simple larceny into grand and petit larceny.

9. SAME—AVOIDING IMPRISONMENT BY SATISFACTION TO INJURED
  PERSON APPLICABLE IN SIMPLE LARCENY—STATUTES.
  The trial judge was in error in holding that 3 Comp.
  Laws 1915, § 15302, providing that upon a first conviction
  of the offense of buying, receiving or aiding in the con-
  cealment of stolen goods, knowing the same to have been
  stolen, if the party convicted shall make satisfaction to
  the party injured he shall not be imprisoned in the State
  prison, when the act of stealing was a simple larceny,
  is not applicable where the value of the property stolen
  exceeds the sum of $25, since it applies when the act of
  stealing is simple larceny, and has no reference to the
  value of the stolen property.

10. SAME—ACCUSED TO BE GIVEN OPPORTUNITY TO AVOID IMPRISON-
  MENT.
  In order to avoid imprisonment in the State prison, un-
  der the statute, one convicted of receiving stolen property
  should be given a reasonable opportunity to show that
  he has made satisfaction, and that it was his first offense.

11. SAME—REFUSAL TO ACCEPT SATISFACTION NOT TO DEFEAT
  STATUTE.
  If the person from whom the property was stolen refuses
  to accept proper satisfaction, in accordance with the
  statute, the purpose of the statute may not be defeated
  thereby, but the money may be paid into court.

Error to recorder's court of Detroit; Heston (Wil-
liam M.), J.   Submitted October 13, 1921.   (Docket
No. 177.)   Decided December 22, 1921.

Nathan Korn was convicted of receiving stolen goods, and sentenced to imprisonment for not less than 2 nor more than 5 years in the State prison at Jackson. Modified and affirmed.

*Edward N. Barnard,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Harry S. Toy,* Assistant Prosecuting Attorney, for the people.

WIEST, J.   Defendant was convicted of receiving stolen property.   At the close of the people's case he moved the court to direct a verdict of not guilty on the ground that there was not sufficient evidence to show that the goods found in his possession had been stolen.   The motion was denied and defendant offered no evidence.   While the question is a close one, we are not prepared to say, upon the whole record, that there was error in leaving the issue to the jury.

Against objection, the prosecutor was permitted to question the complaining witness about his testimony given at the examination.   This might have been proper for the purpose of refreshing his recollection, but not to get before the jury as substantive evidence what he testified to on the examination.   The jury should have been warned at the time, or at least instructed in the charge, of the only legitimate purpose of such questioning.   We note, however, that this was not done, and that the prosecutor in his argument to the jury said:

"I will refer again to police court testimony on page 8, being the questions and answers of the complaining witness in this case.   Am going to read it to you at this time for the purpose of letting you know whether or not the complaining witness in this case knew what was taken from him at that time and whether or not he knew he had sold the identical article to Nathan Korn.   Here are the questions:

" '*Q.* Did Korn buy night gowns from you in the regular course of trade?

" '*A.* Yes.

" '*Q.* Isn't this one of the night gowns?

" '*A.* No, sir.

" '*Q.* How do you know that?

" '*A.* I know. I know the number he bought and the style he bought.

" '*Q.* Is it possible this night gown was bought by someone else, because you haven't the exclusive agency of this night gown in the United States?

" '*A.* I have the exclusive agency for this night gown in Detroit.'

"Now, what did he mean when he gave that testimony in police court? Did he mean at that time that he had sold two night gowns and whether one of these exhibits was a night gown he sold to Nathan Korn, and he said it was?"

This was highly prejudicial, but no ruling and no request to charge upon the matter or exception appearing, we can do no more than express disapproval thereof. We find no error in the prosecutor having more wearing apparel in the view of the jury than was finally identified.

Defendant's counsel requested the court to charge and the court did charge:

"Mere possession of stolen goods, without evidence tending to show guilty knowledge, has no tendency to establish guilt."

And the court added thereto:

"The Supreme Court of this State has so held, and the court has also held that recent possession of stolen property, unsatisfactorily explained, is some evidence of guilt."

Both the request and the added instruction by the court stated abstract propositions of law. There was evidence of conduct on the part of the defendant tending to show he had knowledge that the goods had been stolen, and this called upon him to explain his

possession. See *People* v. *Tantenella*, 212 Mich. 614. This he did not do. While the charge as given is open to the criticism that it stated "unsatisfactorily explained" instead of unexplained, we are not inclined to split hairs over this.

It is claimed it was error for the court to charge:

"There has also been some argument to you, gentlemen of the jury, by counsel here as to the punishment that might be meted out to this respondent if convicted by you. I want to say to you, gentlemen of the jury, that punishment is a responsibility and duty that devolves upon the court. That matter is not to be taken into consideration by you at all. That is a duty that you are free from. You are to take the evidence as submitted and determine what the true facts are, then be governed by the law, as the court gives the law to you, and then bring in a verdict according to the law and evidence submitted. Whether or not this man is placed on probation, if convicted, or whether he be sentenced to a short or long term, is a matter of responsibility that this court has to shoulder."

It will be noted that this portion of the charge was brought forth by reason of something said in the argument of counsel, and that being true we discover no error.

The record discloses the following:

"The jury thereupon returned a verdict of guilty of receiving stolen property of the value of $30.

"*Mr. Barnard:* Your honor, under the provisions of section 15302 of the Compiled Laws of the State of Michigan for the year 1915, a man who is convicted of receiving stolen property for the first time, where the larceny of the property is simple, not aggravated, such as robbery from the person, armed, that if he shall make restitution to the party injured he shall not be imprisoned.

"*The Court:* Does it say anything about $25?

"*Mr. Barnard:* No, sir, it says simple larceny. There is no law for petty larceny in the State of Michigan unless aggravated by such circumstances as—

*"The Court:* Your contention is that your client has a right to make restitution after conviction, and not within the power of the court to impose sentence—

*"Mr. Barnard:* He shall not be imprisoned in the State prison but you have a right under the law to impose a sentence in the county jail.

*"The Court:* My interpretation is where the sum does not exceed $25. In other words, it is a misdemeanor.

*"Mr. Barnard:* Your honor, the Michigan Supreme Court, has held that larceny under $25 is a felony. The only larceny known in the State of Michigan— I have here the case of the *People* v. *Hubbard* [86 Mich. 440]—and here restitution was made before sentence and the amount involved was over $25, and still they held it—

*"The Court:* The court feels he is pretty well informed on the subject and will deny that motion."

When defendant was called up for sentence the record shows the following:

*"Mr. Schlissel:* Your honor, Mr. Barnard is coming over. Said he wants to make a motion before passing sentence.

*"The Court:* He has made four or five motions now. He detained me in this court about a half hour.

*"Mr. Schlissel:* Your honor, if you don't care to wait for Mr. Barnard, want to repeat one motion. Under the Compiled Laws, section 15302, I make an offer of two hundred dollars, the amount that is claimed to have been stolen from Mr. Botvinich on that date in satisfaction of the claim. I offered it to Botvinich and he didn't take it. I now make an offer in open court of Federal reserve notes to save our right in case we have one. Here is the money, in legal tender of the United States. (Mr. Schlissel then counted out the money and laid it on the court's desk, which was refused and returned to him.)"

Thereupon defendant was sentenced to State prison. The statute provides:

"Upon a first conviction of the offense mentioned in the preceding section, and when the act of stealing

property was a simple larceny, if the party convicted of buying, receiving or aiding in the concealment of such stolen property shall make satisfaction to the party injured to| the full value of the property stolen and not restored, he shall not be imprisoned in the State prison." 3 Comp. Laws, 1915, § 15302.

The trial judge was in error in holding that the statute did not apply in case, the value of the property stolen exceeded $25. The statute applies when the act of stealing property was a simple larceny.

Mr. Justice COOLEY said in *Pitcher* v. *People,* 16 Mich. 142:

"I apprehend, that when the words 'simple larceny' are employed by the statute in reference to the punishment of receivers, they have reference only to such larcenies as are not accompanied by any such circumstances as aggravate the offense and increase the punishment, whether they be technically enumerated as larcenies or not."

In 4 Blackstone's Comm. p. 229, it is said:

"Larceny, or theft, * * * is distinguished by the law into two sorts: The one called simple larceny, or plain theft, unaccompanied with any other atrocious circumstances; and mixed or compound larceny, which also includes in it the aggravation of a taking from one's house or person."

And in Tiffany on Cr. Law (5th Ed.), p. 902, it is said:

"Larceny is divided into simple, which is the larceny of goods only without any other aggravating circumstances; and compound larceny, that is, where it is accompanied by aggravating circumstances, such as stealing in a dwelling house or other building, or from the person, or at a fire."

In this State there has never been any subdivision of simple larceny into grand and petit larceny. *Boody* v. *People,* 43 Mich. 34.

Upon the meaning of simple larceny see 18 Am. & Eng. Enc. Law (2d Ed.), p. 460.

Passing the question of whether the tender of the money in court with a statement that the party refused to take the same constituted satisfaction, the court was clearly in error, not only in the construction of the law, but as well in depriving the defendant of a right granted him by statute. The defendant should have been given a reasonable opportunity to make satisfaction and a showing that it was his first offense. It has been held that in order to avoid imprisonment in the State prison under the statute, one convicted of receiving stolen property must make a showing to the court, before sentence, that it is his first offense. *People* v. *Smith,* 94 Mich. 644; *People* v. *Hubbard,* 86 Mich. 440.

Our records show that a few days after the sentence we admitted the defendant to bail. The sentence as passed, and the holding of the trial court that the statute invoked by the defendant had no application, deprived the defendant of his right under the statute to make satisfaction and show it was his first offense, and thereby avoid the very sentence pronounced upon him.

The conviction is affirmed but the sentence is set aside and the court below directed to proceed to judgment, giving the defendant a reasonable opportunity to show that he has made satisfaction and that it was his first offense. If the party from whom the property was stolen refuses to accept proper satisfaction, in accordance with the statute, we are of the opinion that the purpose of the statute may not be defeated thereby, but the money may be paid into court.

STEERE, C. J., and STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE and FELLOWS, JJ., did not sit.