PEOPLE *v.* PIZZIMENTI.

1. RECEIVING STOLEN GOODS—CRIMINAL LAW—MERE RECOVERY OF STOLEN GOODS NOT SATISFACTION.

> The mere recovery of stolen property does not constitute satisfaction within the meaning of 3 Comp. Laws 1915, § 15302, providing that upon a first conviction of buying, receiving, or aiding in the concealment of stolen property, where the theft was simple larceny, if the party convicted shall make satisfaction to the party injured to the full value of the property stolen, and not restored, he shall not be imprisoned in the State prison.

2. SAME—SENTENCE—SHOWING IN MITIGATION.

> Where there was no showing of restitution to go in mitigation of the sentence imposed, or request for opportunity to make same, the court was at liberty to pass sentence, although it was defendant's first offense.

3. SAME—SENTENCE WILL NOT BE SET ASIDE ON SHOWING OF FIRST OFFENSE.

> After sentence has been imposed, it is too late to move to set it aside on the ground that it was defendant's first offense and he was given no opportunity to make a showing of restitutio ⌐

4. SAME—RESTORATION OF STOLEN AUTOMOBILE NOT NECESSARILY SATISFACTION TO FULL VALUE.

> Where an automobile was stolen and kept from the owner for several months, when it was restored by the police officers through no desire on the part of defendant, who was convicted of receiving it, the owner has not necessarily received satisfaction to the full value of the stolen property within the meaning of 3 Comp. Laws 1915, § 15302.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted October 12, 1922. (Docket No. 157.) Decided November 2, 1922.

James Pizzimenti was convicted of receiving stolen

---

As to what knowledge is necessary to convict one of receiving stolen goods, see comprehensive note in 22 L. R. A. (N. S.) 833.

property, and sentenced to imprisonment for not less than 2 nor more than 5 years in the Michigan reformatory at Ionia.    Affirmed.

*Floyd M. Phinney,* for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Harry S. Scheinman,* Assistant Prosecuting Attorney, for the people.

WIEST, J.    Defendant was convicted of receiving stolen property.    Upon being asked by the court if he had anything to say before sentence he replied: "I do not know of anything."    He was thereupon sentenced to the Michigan reformatory.    Two months later he moved the court to set the sentence aside on the ground that it was excessive, because it was defendant's first offense and he was given no opportunity to make a showing of restitution.    When such motion was denied a motion for a new trial was made on the ground there was not sufficient testimony to warrant the conviction.    No claim of restitution was made at the trial beyond the fact that the stolen automobile had been restored to the owner.

The mere recovery of stolen property does not constitute satisfaction within the meaning of the statute.

The statute, 3 Comp. Laws 1915, § 15302, provides:

"Upon a first conviction of the offense mentioned in the preceding section, and when the act of stealing property was a simple larceny, if the party convicted of buying, receiving or aiding in the concealment of such stolen property shall make satisfaction to the party injured to the full value of the property stolen, and not restored, he shall not be imprisoned in the State prison."

Assuming it was defendant's first offense, the record does not disclose any showing of restitution brought to the attention of the court to go in mitigation of the sentence imposed.    With no such showing before the

court, or request for opportunity to make the same, the court was at liberty to pass sentence, and, after sentence, the motion came too late.    *People* v. *Hubbard,* 86 Mich. 440; *People* v. *Smith,* 94 Mich. 644.

Defendant claims that the restoration of the stolen automobile constitutes satisfaction to the party injured.    He is mistaken.    Satisfaction to the party injured by the larceny must be made to the full value of the property stolen and not restored.    An automobile stolen and kept from its owner for several months necessarily loses some of its value, and the owner in having the automobile restored to him through the alertness of the police, and through no desire on the part of the receiver of such stolen property, has not necessarily received satisfaction to the full value of the property stolen.    Defendant makes no showing even now of satisfaction to the party injured.    We have examined the evidence and discover no merit in the claim that it was insufficient to sustain the verdict rendered.

Defendant's own testimony very materially helped to convict him.    His claim that the automobile was brought to him for repairs by an unknown man; that he removed the license plates and threw them in his yard and placed his own license plates thereon, evidently led the jury to believe that defendant, in so hiding the identity of the automobile, was moved to do so by knowledge that it had been stolen.

Affirmed.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.    MOORE, J., did not sit.