PEOPLE *v.* CONNORS.

1. CRIMINAL LAW—ARGUMENT OF PROSECUTOR—FAILURE TO OBTAIN RULING FATAL.

   Although argument of prosecutor be prejudicial, reversal may not be had therefor, where no objection or exception was taken at the time, and no ruling or instruction sought.

2. SAME—CURING ERROR BY INSTRUCTION.

   Prejudicial effect of argument of prosecutor that people cannot appeal if jury acquit defendant, but that he has right of appeal if convicted, *held,* cured by instructions of court.

3. SAME—CHARACTER EVIDENCE—INSTRUCTIONS.

   Instruction as to evidence of good character, that such "testimony is not proof of guilt or innocence," was not prejudicial, where court, in further instruction, gave such testimony its proper significance.

4. SAME—INSTRUCTIONS—CHARGE CONSIDERED AS WHOLE.

   In prosecution of chief of police for receiving money from city on false pretenses, instruction that, if defendant procured stated sum from city, jury should render verdict of guilty, *held,* not erroneous as ignoring defense that he received it for "undercover" men, where jury were not misled, and from charge as whole it appears that court was referring to defendant's getting the money for himself.

---

On propriety of instructions as to the significance of evidence concerning defendant's good character as an element bearing upon the question of reasonable doubt, see annotation in 10 A. L. R. 8.

5. SAME—CHANGE OF VENUE—ABUSE OF DISCRETION.

Denial of motion for change of venue, based on publicity given case by local newspapers, *held*, not abuse of discretion.

6. SAME—CRIMINAL CODE—MISCARRIAGE OF JUSTICE.

Under criminal code (Act No. 175, Pub. Acts 1927, chap. 9, § 26), where there has been no miscarriage of justice due to error in trial, judgment should be affirmed.

Error to Washtenaw; Sample (George W.), J. Submitted April 17, 1930. (Docket No. 138, Calendar No. 34,474.) Decided June 2, 1930.

John F. Connors was convicted of obtaining money from the city of Ypsilanti by false pretenses. Affirmed.

*Jacob F. Fahrner*, for appellant.

*Wilber M. Brucker,* Attorney General, and *Carl H. Stuhrberg*, Prosecuting Attorney, for the people.

CLARK, J. Defendant for several years was chief of police of the city of Ypsilanti. He caused vouchers to be prepared, approved, ordered paid, and checks issued to and in the name of certain persons believed by the disbursing officers of the city to be police officers. A large number of the checks were paid. Defendant admitted that from time to time he indorsed the several names of the several payees on the checks and procured the money from the bank. There was no city record of the appointment of such police officers, no oath of office filed by any of them. Defendant's contention is that they were "undercover" men, and for that reason he cashed the checks and obtained the money for them and for that reason, too, there was no record of their appointment. The information relates to a certain check of April 17th for $75 issued to Chas. Hall, and charges that defendant procured the check to be issued and obtained the check and the money by

false pretenses, and that Hall was not employed by the city. Defendant, convicted and sentenced, brings error.

Complaint is made of argument of the prosecuting attorney as prejudicial. No objection or exception was taken at the time, and no ruling or instruction sought. We therefore cannot find it reversible error, although it may be prejudicial. *People* v. *Korn,* 217 Mich. 170.

One objection to such argument properly saved for review relates to the following:

"If you acquit John Connors, the people of the State of Michigan have no recourse; the people of the State of Michigan have no appeal. If you made a mistake the people cannot complain. But on the other hand, members of the jury, to convict John Connors and you have made a mistake, he has the right to appeal."

Thereupon, on objection by defendant's counsel, the court said:

"I presume, inasmuch as there has been an objection made, although the question has been largely covered by my instructions to the jury, I would say and I ought to say to the jury that the defendant in this case, if granted the right appeal by the Supreme Court may on any errors that may have been committed in the trial of this cause. That right has to be granted him, of course, upon application to the Supreme Court. That is the practice at this time. I didn't get just exactly what Mr. Stuhrberg said."

And the court referred to the matter again in the charge. We think the prejudicial effect of the argument cured by the instructions of the court.

Error is assigned on the instruction relative to evidence of good character adduced by defendant. The instruction as a whole, seemingly based on the criticized case of *People* v. *Mead,* 50 Mich. 228 (see

*People* v. *Best,* 218 Mich. 141; note 10 A. L. R. 58), and *People* v. *Garbutt,* 17 Mich. 9 (97 Am. Dec. 162), is not assailed, but the assignment as briefed is substantially on the following excerpt: "This testimony is not proof of the guilt or innocence of the respondent." The expression may not be fortunate, but it is not technically incorrect. Proof is the effect of evidence. It is the sufficient reason for assenting to a proposition, the establishment of a fact by evidence. *People* v. *Bowers,* 2 Cal. Unrep. Cas. 878 (18 Pac. 660) ; *Orth* v. *Railway Co.,* 47 Minn. 384 (50 N. W. 363) ; 6 Words and Phrases (1st Ser.), p. 5684. It is apparent that character evidence is not proof of guilt or innocence. The court gave it its proper significance, quoting from the instruction:

"You are instructed that good character may not only raise a doubt of guilt which would not.otherwise exist, but it may bring conviction of innocence. In every criminal trial, it is a fact which the defendant is at liberty to put in evidence, and being in, the jury have a right to give it such weight as they think it is entitled to."

Complaint is also made of the following excerpt from the charge:

"If you find from the evidence that the said John F. Connors did procure from the city of Ypsilanti on April 17th, A. D. 1928, the sum of $75, then it is your duty to render a verdict of guilty as charged"—

that it charged defendant out of court, and ignored his admission that he got the money and his defense that he got it for his said undercover men. Reading the charge as a whole, we think it apparent the court was here speaking of defendant's getting the money for himself, and, in view of the defense made, we think the jury were not misled.

Much of the record is taken by a motion for change of venue, with affidavits and articles from local newspapers. The motion denied was renewed, supplemented by extensive examination of jurors on *voir dire*. The denial of the renewed motion is urged as error. The gist of the motion is that such great publicity had been given the case by local newspapers that a fair jury could not be obtained. In denying the motion the court observed:

"This is a day of large publicity. The papers have the news of the day. Every home in Washtenaw county has a paper. Reading the papers does not disqualify the juror from sitting. It is a question whether or not he can remove that from his mind and accept the case and the law. Every criminal case is discussed in the papers. A glance at the daily papers will show that. It is discussed and made a topic of importance that can't be set aside"—

and said, in effect, that defendant could have and would have a fair trial in the county. Space forbids setting out further particulars of the matter. We are not persuaded the court abused his discretion in denying the motion (*People* v. *Rich,* 237 Mich. 481), and in this regard it may be said that on this record a jury could not well have returned any verdict except that of guilty. Remaining questions have been considered, and, as it appears there has been no miscarriage of justice, we think the judgment should be affirmed, agreeable to the code of criminal procedure, chapter 9, § 26, Act No. 175, Pub. Acts 1927. *Miskiewicz* v. *Smolenski,* 249 Mich. 63.

Affirmed.

BUTZEL, McDONALD, and SHARPE, JJ., concurred. WIEST, C. J., and POTTER, NORTH, and FEAD, JJ., concurred in the result.