PEOPLE v. WISE

1. JURY—VOIR DIRE—DISMISSAL OF JUROR—OBJECTION—APPEAL AND ERROR.

Voir dire examination, revealing that prospective juror was acquainted with a prosecution witness, does not bind the court to a sua sponte dismissal of the juror where defense counsel did not object nor use his peremptory challenge to excuse the juror and indicated satisfaction with the jury that had been selected.

2. APPEAL AND ERROR—TRIAL—PRESERVING QUESTIONS FOR REVIEW.

Failure to object to alleged errors during trial forecloses raising the objection for the first time on appeal.

3. CRIMINAL LAW — TRIAL — CONDUCT OF PROSECUTOR — PREJUDICIAL REMARKS.

Allegedly prejudicial remarks by the prosecutor during a criminal trial are insufficient to require reversal where they were not objected to at trial, where the remarks in question, though not supported by factual evidence, may be properly inferred from the facts and were not so improper or prejudicial as to deny defendant a fair trial.

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 June 5, 1969, at Lansing. (Docket No. 4,304.) Decided June 25, 1969.

William Lee Wise was convicted of breaking and entering a building with intent to commit larceny therein. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Jury §§ 143, 155, 171, 172, 182, 240.
[2] 45 Am Jur 2d, Appeal and Error §§ 501, 562, 612.
[3] 42 Am Jur, Prosecuting Attorneys § 20.
   53 Am Jur, Trial § 1120.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Lawrence L. Hayes,* Prosecuting Attorney, and *James B. Parker,* Assistant Prosecuting Attorney, for the people.

*Lewis I. Loren,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

LESINSKI, C. J.   Defendant was convicted by jury verdict of breaking and entering a building with intent to commit larceny therein contrary to MCLA § 750.110 (Stat Ann 1968 Cum Supp § 28.305), and he appeals.

Defendant first contends that the trial court committed reversible error in failing *sua sponte* to excuse a prospective juror who allegedly manifested bias and prejudice during *voir dire.* The prejudice allegedly was revealed in the following dialogue:

*"The Court:* Which name do you recognize, Mr. Leaders?

*"Prospective Juror Number Four:* Gilbert Bartell.

*"The Court:* Is he a close friend of yours?

*"Prospective Juror Number Four:* No, sir.

*"The Court:* If he were to testify under oath would you believe him?

*"Prospective Juror Number Four:* Yes, sir."

Defendant interprets the above quoted exchange to constitute evidence that prospective juror four was predisposed to believe prosecution witness Gilbert Bartell. He argues that trial court failure, *sua sponte,* to excuse this juror, coupled with trial court excusing of other prospective jurors, resulted in an implied comment to the entire jury that the predisposition to believe Bartell without first hear-

ing testimony was proper. Defendant alleges that this implied comment resulted in denial of defendant's right to trial by a fair and impartial jury and improperly shifted the burden of proof to defendant.

Upon review of the record and briefs, we reject defendant's contentions. An examination of the trial court transcript indicates that counsel for defendant, in reply to court questioning, replied that defendant was satisfied with the jury for cause. The record discloses further that defendant exercised two peremptory challenges, was entitled to additional peremptory challenges, and was provided the opportunity to excuse prospective juror four peremptorily had he chosen to do so. Instead, defendant by his counsel indicated that he was satisfied with the jury. As this Court stated in *People* v. *Kelley* (1968), 11 Mich App 706:

"Defendant's failure to object at the *voir dire* examination indicating his satisfaction of the jury, forecloses his objection on appeal."

See, also, *People* v. *Lambo* (1967), 8 Mich App 320. The trial court cautioned the jurors that a defendant is presumed innocent, the burden of proof being on the prosecution. Furthermore, each juror responded affirmatively to the following question:

"Can all of you make this promise; if you are chosen to sit as jurors that you will fairly and impartially judge this case, based upon the evidence that comes out of the witnesses' mouths that will be called to the witness stand, without regard to any bias, prejudice or sympathy?"

It cannot be said that the trial court erred in not excusing the prospective juror *sua sponte*.

Defendant's second allegation of prejudicial error concerns a statement of a factual nature made by

the prosecuting attorney on final argument to the jury. Defendant claims this statement was unfounded and unsupported by the evidence, depriving defendant of a fair and impartial hearing.

In *People* v. *Zesk* (1944), 309 Mich 129, the Michigan Supreme Court stated:

"It is claimed that the acting prosecutor, both in the opening and closing addresses to the jury, indulged in such highly inflammatory and prejudicial remarks that defendant did not have a fair trial, and that objections on the part of defendant's counsel would not have eradicated the harm done. Defendant's counsel at the time of the trial made no objections to the remarks.

"We have carefully examined the remarks. We find that they were not so prejudicial or improper as to call for reversal, particularly in view of the fact that no objections were made. They did not call for any exception to the general rule that objections to argument not made at the trial but made for the first time on appeal will not be considered. *People* v. *Goldberg* (1929), 248 Mich 553; *People* v. *Connors* (1930), 251 Mich 99; *People* v. *Korn* (1921), 217 Mich 170."

In the instant case, defendant's counsel raised no objection and requested no instruction regarding the alleged error. While the prosecutor's statement was not supported by direct evidence, a review of the transcript convinces this Court that sufficient evidence was introduced during the trial from which the prosecutor's statement could be inferred. As was stated in *People* v. *Morlock* (1925), 233 Mich 284:

"The prosecuting attorney had a right to draw such an inference from the facts appearing in the record."

In any event, an examination of the statement when considered in light of the testimony presented indi-

cates the statement not to be so prejudicial or improper as to require reversal of the instant case.
   Affirmed.
   All concurred.