PEOPLE v MORGAN

Docket No. 157263. Submitted January 19, 1994, at Detroit. Decided
June 6, 1994, at 9:05 A.M. Leave to appeal sought.

Sillerton Morgan was convicted in the Recorder's Court of De-
troit, Helen E. Brown, J., of felonious assault. The court sen-
tenced the defendant to a prison term of twelve to forty-eight
months, but immediately suspended the sentence. The prose-
cutor appealed, claiming that the court was without power to
suspend indefinitely the execution of the sentence.

The Court of Appeals *held:*

A court may not invade the power of the Legislature to fix
the maximum and minimum punishment for crimes or the
Governor's power to grant pardons by suspending indefinitely
the execution of a sentence. Because it is clear that the court
intended to suspend indefinitely the execution of the sentence,
the sentence was invalid.

Reversed and remanded for resentencing.

CRIMINAL LAW — SENTENCES — INDEFINITE SUSPENSION OF SEN-
TENCES.

Absent statutory authority, a court may not suspend indefinitely
the execution of a sentence.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *John D. O'Hair,* Prosecut-
ing Attorney, *Timothy A. Baughman,* Chief of
Research, Training, and Appeals, and *Rita H.
Lewis,* Assistant Prosecuting Attorney, for the
people.

*Graig A. Daly,* for the defendant.

REFERENCES
Am Jur 2d, Criminal Law §§ 557, 558, 563.
Inherent power of court to suspend for indefinite period execution
of sentence in whole or in part. 73 ALR3d 474.

Before: JANSEN, P.J., and MCDONALD and G. M. HOCKING,* JJ.

McDONALD, J. Following a bench trial, defendant was convicted of felonious assault, MCL 750.82; MSA 28.277. Although the court sentenced defendant to serve twelve to forty-eight months in prison, after announcing the sentence the court immediately suspended it. On appeal, the prosecutor claims the court was without power to suspend indefinitely the execution of defendant's sentence. We agree.

Under our system of state government, the Legislature makes the law, the Governor executes it, and the courts construe and enforce it. *People v Palm,* 245 Mich 396; 223 NW 67 (1929). The Legislature alone is conferred with the power to fix the minimum and maximum punishment for all crimes. *People v Smith,* 94 Mich 644; 54 NW 487 (1893). A sentence outside statutory limits is invalid. *People v Whalen,* 412 Mich 166; 312 NW2d 638 (1981).

The Legislature has provided that a person convicted of felonious assault may be imprisoned for not more than four years, receive a fine of not more than $2,000, receive both such fine and imprisonment, or, under certain circumstances, may be placed on probation. MCL 750.503; MSA 28.771, MCL 771.1; MSA 28.1131.

At sentencing, the court stated:

> I don't see any reason to burden the tax payers who are all ready [sic] over burden [sic] and the Probation Department with supervising someone who is able to supervise themselves.
> I'm going to sentence him to [sic] minimum of

* Circuit judge, sitting on the Court of Appeals by assignment.

twelve months and a maximum of four years and I'm going to suspend the sentence.

It is clear from the record the court intended to suspend execution of defendant's sentence indefinitely. Affirmation of the suspended sentence would result in defendant suffering no punishment for committing the assault. Because the statute does not provide for the imposition of no form of punishment, we find the sentence outside the statutory limits and therefore invalid. Absent statutory authority, a court may not suspend indefinitely the execution of a sentence. To do so would in effect grant the defendant a pardon for his crime. *People v Brown,* 54 Mich 15; 19 NW 571 (1884); *People v Cordell,* 309 Mich 585; 16 NW2d 78 (1944).

Reversed and remanded for resentencing. We do not retain jurisdiction.