PEOPLE v PENNEBAKER

Docket No. 304708. Submitted September 6, 2012, at Detroit. Decided
    September 13, 2012, at 9:00 a.m.
Connie Lee Pennebaker pleaded guilty in the Oakland Circuit Court
    of operating a motor vehicle while intoxicated with an occupant
    less than 16 years old, second offense, MCL 257. 625(7)(a)(*ii*), and
    was sentenced to 18 months' probation and 30 days in the
    electronic-monitoring work-release program. The Prosecutor ap-
    pealed. The Court of Appeals denied the prosecutor's application,
    *People v Pennebaker*, unpublished order of the Court of Appeals,
    entered August 18, 2011 (Docket No. 304708), but the Supreme
    Court remanded this case for consideration as on leave granted.
    490 Mich 910 (2011).
    The Court of Appeals *held*:
    MCL 257.625(7)(a)(*ii*) provides that a person convicted of
    operating a motor vehicle while intoxicated with an occupant less
    than 16 years old, second offense, shall be sentenced to either (1)
    imprisonment for not less than 1 year or more than 5 years' in
    prison, or (2) probation with imprisonment in the county jail for
    not less than 30 days or more than 1 year and community service
    for not less than 60 days or more than 180 days. The word "shall"
    indicates mandatory rather than discretionary action. The place-
    ment of an electronic-monitoring device on a defendant does not
    constitute imprisonment in the county jail as required by MCL
    257.625(7)(a)(*ii*), because the tether program is a restriction, not a
    confinement or jail. It is also not the equivalent of a traditional
    work-release program, which is specifically authorized by MCL
    801.252. The court erred by sentencing defendant to 30 days in the
    electronic-monitoring   work-release   program   because   MCL
    257.625(7)(a)(*ii*) clearly mandates that defendant be sentenced to
    a minimum of 30 days in jail. While the Legislature has given the
    sheriff and trial judges authority to reduce the prisoner population
    by means of work-release programs, under MCL 801.55(e), such a
    program must be authorized by law. MCL 257.625(7)(a)(*ii*) does
    not authorize a work-release program; rather, the required mini-
    mum sentence includes 30 days in jail.
    Reversed and remanded for resentencing.

CRIMINAL LAW — SENTENCES — OPERATING A MOTOR VEHICLE WHILE INTOXI-
    CATED, SECOND OFFENSE — OCCUPANT LESS THAN 16 YEARS OLD —
    MANDATORY JAIL TERMS — ELECTRONIC TETHERS.

    A person convicted of operating a motor vehicle while intoxicated
    with an occupant less than 16 years old, second offense, MCL
    257.625(7)(a)(*ii*), shall be sentenced to either (1) imprisonment for
    not less than 1 year or more than 5 years' in prison, or (2)
    probation with imprisonment in the county jail for not less than 30
    days or more than 1 year and community service for not less than
    60 days or more than 180 days; the word "shall" indicates
    mandatory rather than discretionary action; the placement of an
    electronic-monitoring device on a defendant does not constitute
    imprisonment in the county jail as required by MCL
    257.625(7)(a)(*ii*), because the tether program is a restriction, not a
    confinement or jail; a tether program is also not the equivalent of
    a traditional work-release program from a county jail, which is
    specifically authorized by MCL 801.252.

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and
*Tanya L. Nava*, Assistant Prosecuting Attorney, for the
people.

    *Richard I. Lippitt, P.C.* (by *Richard I. Lippitt*), for
defendant.

    Before: CAVANAGH, P.J., and SAAD and DONOFRIO, JJ.

    SAAD, J. On March 3, 2011, defendant, Connie Lee
Pennebaker, pleaded guilty of operating a motor vehicle
while intoxicated, with an occupant less than 16 years
old, MCL 257.625(7)(a), and stipulated that it was her
second offense, subject to sentence enhancement, MCL
257.625(7)(a)(*ii*). The trial court sentenced defendant
to 18 months' probation and 30 days in the electronic-
monitoring work-release program. On August 18, 2011,
this Court entered an order that denied the prosecu-
tion's application for leave to appeal. *People v Pen-
nebaker*, unpublished order of the Court of Appeals,

entered August 18, 2011 (Docket No. 304708). However, on November 21, 2011, the Michigan Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Pennebaker*, 490 Mich 910 (2011).

## I. FACTS AND PROCEEDINGS

At approximately 6:30 p.m. on December 31, 2010, police officers stopped defendant's vehicle while she was driving her two grandchildren, both of whom were under 16 years old. Defendant had been drinking since 2:00 p.m., and estimated that she had consumed approximately a half pint of vodka. A breathalyzer test showed that defendant had .13 grams of alcohol per 100 milliliters of blood. Defendant admitted that the alcohol had substantially affected her mental, physical, and driving abilities, and she also admitted that she was convicted in 2007 of operating a motor vehicle while impaired.

As noted, defendant pleaded guilty of operating a motor vehicle while intoxicated, second offense. At sentencing on June 2, 2011, the prosecutor asked the court to sentence defendant to 30 days in jail without work release as set forth in the plea agreement. On the record, the trial judge observed that defendant had been under the direct supervision of the court since March 10, 2010. According to the trial judge, defendant had participated in the required counseling, she had stopped using benzodiazepines, her daily tests for drugs and alcohol had been negative, and she had received wholly positive reports from her case manager at Community Corrections. Because of these efforts, the trial court opined that defendant "earned the right to enter the work release program[.]" The judge explained:

> And I'll state for the record that I had an opportunity actually yesterday, the Sheriff's Department presented to the Judges of the Circuit Court their electronic monitoring work release program wherein they described the monitoring that is imposed upon defendants. And we were advised that it is considered a custodial program, that she remains in the custody of the Sheriff's Department and, therefore, it would not be a suspension to allow her to enter the work release program.

The parties agree that the program would allow defendant to serve her sentence at home, while wearing an electronic tether. Thus, although the prosecutor argued that both statutory and caselaw prohibit a court from sentencing defendant to a tether program under these circumstances, the trial court sentenced defendant to 30 days in the electronic monitoring work-release program, community service, probation, fines and vehicle immobilization.

## II. ANALYSIS

The prosecutor correctly argues that the trial court erred, as a matter of law, by sentencing defendant to the work-release program in lieu of the statutorily required 30-day incarceration as mandated by MCL 257.625(7)(a)(*ii*)(B). We review de novo the interpretation of a statute as a question of law. *People v Flick*, 487 Mich 1, 8-9; 790 NW2d 295 (2010). And, although in general, "[t]he imposition of a sentence is reviewed for an abuse of discretion," *People v Underwood*, 278 Mich App 334, 337; 750 NW2d 612 (2008), when, as here, there is a clear statutory direction regarding sentencing, then this is not a matter of trial court discretion, but rather a failure to comply with a legislative mandate which requires reversal.

As a preliminary matter, we recognize that prior to sentencing, defendant took consistent steps to abide by

all requirements imposed by the court. Moreover, though the record lacks details about the electronic-monitoring program offered to defendant, we take judicial notice of the significant problem of jail overcrowding in many of Michigan's counties, and we recognize the good efforts of the sheriff's department in taking affirmative and conscientious steps to alleviate this burden on both law enforcement and the taxpaying community. Despite these laudable efforts, however, under the facts of this case we hold that Oakland County's electronic-monitoring work-release program does not fulfill the mandatory 30-day incarceration requirement of MCL 257.625(7)(a)(ii)(B).

MCL 257.625(7) provides, in relevant part:

> A person, whether licensed or not, is subject to the following requirements:
>
> (a) He or she shall not operate a vehicle [when that person has a blood alcohol level of .08 grams or more per 100 milliliters of blood] while another person who is less than 16 years of age is occupying the vehicle. A person who violates this subdivision is guilty of a crime punishable as follows:
>
> * * *
>
> (ii) If the violation occurs within 7 years of a prior conviction or after 2 or more prior convictions, regardless of the number of years that have elapsed since any prior conviction, a person who violates this subdivision is guilty of a felony and shall be sentenced to pay a fine of not less than $500.00 or more than $5,000.00 and to either of the following:
>
> (A) Imprisonment under the jurisdiction of the department of corrections for not less than 1 year or more than 5 years.
>
> (B) Probation with imprisonment in the county jail for not less than 30 days or more than 1 year and community

service for not less than 60 days or more than 180 days. Not
less than 48 hours of this imprisonment shall be served
consecutively. *This term of imprisonment shall not be
suspended.*

As our Supreme Court explained in *Flick*, 487 Mich at
10-11:

The overriding goal of statutory interpretation is to
ascertain and give effect to the Legislature's intent. The
touchstone of legislative intent is the statute's language.
The words of a statute provide the most reliable indicator
of the Legislature's intent and should be interpreted on the
basis of their ordinary meaning and the overall context in
which they are used. *An undefined statutory word or
phrase must be accorded its plain and ordinary meaning,
unless the undefined word or phrase is a "term of art" with
a unique legal meaning.* When we interpret the Michigan
Penal Code, we do so according to the fair import of [the]
terms, to promote justice and to effect the objects of the
law. [Quotation marks and citations omitted.]

The plain language of MCL 257.625(7)(a)(*ii*) and MCL
257.625(7)(a)(*ii*)(B) provide that, here, the trial judge
did not have discretion to sentence defendant to less
than 30 days in jail. MCL 257.625(7)(a)(*ii*) states that a
defendant "shall be sentenced . . . to either of the fol-
lowing." This unequivocally means that the trial court
*must* sentence defendant to one of the two options, a
term in prison or not less than 30 days in jail and
community service. The "use of the term 'shall' . . .
indicates mandatory rather than discretionary action."
*People v Grant*, 445 Mich 535, 542; 520 NW2d
123 (1994). MCL 257.625(7)(a)(*ii*)(B) further states
that "[t]his term of imprisonment shall not be sus-
pended." This language unequivocally means that the
trial court must sentence a defendant to a minimum of
30 days in the county jail.

As this Court opined in *People v Morgan*, 205 Mich App 432, 433; 517 NW2d 822 (1994):

> Under our system of state government, the Legislature makes the law, the Governor executes it, and the courts construe and enforce it. *People v Palm*, 245 Mich 396; 223 NW 67 (1929). The Legislature alone is conferred with the power to fix the minimum and maximum punishment for all crimes. *People v Smith*, 94 Mich 644; 54 NW 487 (1893). A sentence outside statutory limits is invalid. *People v Whalen*, 412 Mich 166; 312 NW2d 638 (1981).

The placement of an electronic-monitoring device on defendant is not "imprisonment in the county jail" as required by the statute. *People v Britt*, 202 Mich App 714, 717; 509 NW2d 914 (1993). The Court in *Britt* observed:

> Electronic tethers were not intended to form the bounds of confinement. Rather, the electronic tether is simply a surveillance device for monitoring a defendant's presence in his residence during curfew hours. [*Id.*]

"The tether program is a restriction, not a confinement, and is not 'jail' as that term is commonly used and understood." *People v Reynolds*, 195 Mich App 182, 184; 489 NW2d 128 (1992). The panel in *People v Smith*, 195 Mich App 147, 152; 489 NW2d 135 (1992), perhaps explained the distinction most directly:

> Under no circumstances can we reasonably conclude that confinement in one's home or apartment is the equivalent of confinement "in jail." This is so even where, as here, the conditions of home confinement require the person confined to go directly to work, to return home immediately from work, and to be at home at all times unless approval is given by a probation officer. Home detention does not include the highly structured setting of a prison or jail. One cannot remain on the phone for extended periods, invite friends for extended visits, order a pizza, watch

television during periods of one's own choosing, or have free access to the refrigerator in jail.

Contrary to defendant's arguments, an at-home electronic-monitoring program is also not equivalent to traditional work-release programs. Pursuant to MCL 801.251, the Legislature has specifically allowed courts to release inmates from jail during necessary and reasonable hours for work, substance abuse treatment, counseling, and other statutorily authorized activities. However, this statute contemplates that inmates will return to jail during hours when they are not engaged in the statutorily-permitted activities. Indeed, the statute specifies that a court "may grant to the person the *privilege of leaving* the jail during necessary and reasonable hours" *Id.* (emphasis added). The Legislature has also given the sheriff and trial judges the authority to reduce prisoner population by means of work-release programs. MCL 801.55. However, the work-release programs must be "authorized by law." MCL 801.55(e). As discussed, the statute at issue, MCL 257.625(7)(a)(*ii*)(B), does not authorize any sentence less than imprisonment in jail for 30 days for a person convicted under that subsection. Again, the plain language of MCL 257.625(7)(a)(*ii*)(B) mandates that defendant serve at least 30 days in the county jail, and a tether does not amount to imprisonment in jail.

As previously noted, we are mindful of the serious nature of jail overcrowding in Michigan, including Oakland County, and the program the sheriff designed to handle this problem is a thoughtful method designed to deal with this difficult issue. However, it is for the Legislature to decide whether to alter the minimum and maximum punishment for this crime which, in this case, involved not only intoxicated driving, but the transportation of minors and a prior operating a motor

vehicle while intoxicated conviction. Unless and until the Legislature decides to change the required penalty for MCL 257.625(7)(a)(*ii*), the plain language of the statute and our caselaw compel us to reverse the trial court's sentence because it ignores the clear legislative mandate.

Reversed and remanded for resentencing. We do not retain jurisdiction.

CAVANAGH, P.J., and DONOFRIO, J., concurred with SAAD, J.