PEOPLE v. MINER.

RAPE—EVIDENCE—TESTIMONY AT EXAMINATION—USE AT TRIAL.
Where prosecutrix in rape is not constant in her accusation of respondent, her stepfather, and claims at the trial that her testimony at the examination was false, her deposition

there taken is admissible only for the purpose of impeachment, and not as substantive evidence of respondent's guilt.

Error to Benzie; Chittenden, J.   Submitted November 17, 1904.   (Docket No. 294.)   Decided November 29, 1904.

George B. Miner was convicted of statutory rape and sentenced to imprisonment in the State prison at Jackson for a period of not less than five nor more than twenty years.   Reversed.

*D. G. F. Warner*, for appellant.

*M. E. Louisell*, Prosecuting Attorney, for the people.

GRANT, J.   Respondent was convicted, under 3 Comp. Laws, § 11489, of rape upon a girl 13 years of age.   She is his stepdaughter.   The girl was prosecutrix, and made the complaint upon which he was arrested and examined before a magistrate.   Upon that examination she detailed the time, place, and circumstances of the crime. He was held for trial before the circuit court.   Upon trial in the circuit court the prosecutrix, when produced as a witness on behalf of the people, denied that the prisoner had ever had sexual intercourse with her.   The people then introduced her deposition taken before the examining magistrate.   The claim of the people is that the girl's mother and the prisoner brought undue influence upon her to induce her to testify falsely, in order to acquit the prisoner.

Under the instructions of the circuit judge, the jury were permitted to convict the prisoner upon the testimony of the prosecutrix taken before the examining magistrate, if they believed it to be true, notwithstanding she denied its truthfulness upon the trial.   The court distinctly said to the jury:

"If you believe the story told here on this witness stand is true, your verdict will be, 'Not guilty;' but, if you be-

lieve the story she told on the examination before the magistrate, then your verdict will be 'Guilty.'"

This same question was before us in the case of *People* v. *Elco*, 131 Mich. 523, in which the majority of the court held that, where a witness whom the people were bound to produce had made prior statements contradictory to those made upon the trial, such prior statements could be introduced to impeach her testimony. The respondent was entitled to have the witnesses against him produced in open court. The people could not introduce the prosecutrix's deposition taken upon the examination, where the prosecutrix herself could be produced upon the trial. We are cited to no case which has gone further than to hold that prior statements can be introduced for the purpose of impeachment. No case holds that they be considered by the jury as substantive evidence of the commission of the crime charged. The case is ruled by *People* v. *Elco*.

The crime charged is one of the most heinous and revolting known to the law. If the sole evidence is that of the alleged victim, and she has asserted under oath the commission of an offense, and afterwards denied it under oath, and there is no other evidence pointing to guilt, it would seem that neither law nor justice would permit a conviction.

Without reciting them, we may say that there are other evidences in this record tending to show the guilt of the respondent.

Conviction reversed, and new trial ordered.

The other Justices concurred.