PEOPLE *v.* SANFORD.

INDICTMENT AND INFORMATION — INCLUDED OFFENSES — INDECENT
    LIBERTIES—ASSAULT AND BATTERY.
    An assault and battery is necessarily involved in the crime of
    taking indecent and improper liberties with a female child
    under the age of 14 years, as provided in section 11719, 3
    Comp. Laws, and a conviction of assault and battery may be
    had on an information for that offense.

Exceptions before judgment from Mason; Rose, J.
Submitted June 13, 1907. (Docket No. 126.) Decided
July 13, 1907.

Volney Sanford was convicted of an assault and battery. Affirmed.

*A. A. Keiser,* for appellant.

*John E. Bird,* Attorney General, *Henry E. Chase,*
Deputy Attorney General, *Thomas Ambrose Lawler,*
Assistant Attorney General, and *App. M. Smith,* Prosecuting Attorney, for the people.

GRANT, J. The indictment in this case contains two
counts. The first charges a felonious assault upon one
Mary I. Batson, a female 12 years of age, with intent to
commit the crime of rape. The second charges the respondent with taking indecent and improper liberties with
the person of Mary I. Batson, without committing, or intending to commit, the crime of rape. The respondent
was convicted of assault and battery. The evidence on
the part of the people is that the respondent pursued the
girl, who ran from him, caught her, threw her upon the
floor, and put his hand upon her person under her clothes
above her knee, and tore her underskirt. The respond-

ent testified that he had a scuffle with her on the porch, but that it was a friendly scuffle; that she grabbed a pocket piece from his hand; and that he got hold of her and took it away from her.

The evidence was sufficient to sustain a verdict of assault and battery, if the jury believed the story of the girl. They found the assault and battery, but evidently without the intent to commit the crime of rape, or without having taken any indecent liberties with her person. The judge instructed the jury as follows:

" If you are not able to say beyond a reasonable doubt that the respondent is guilty of one of these two offenses, to wit, of assault with intent to commit the crime of rape, or taking indecent or improper liberties with her person, if you should find beyond a reasonable doubt that he took hold of her in an insulting and lustful manner, threw her down on the floor, or placed his arms around her waist in an insulting and improper manner, you would be justified in finding him guilty of assault and battery."

The main point raised is that the crime of assault and battery is not included in either of the offenses charged in the information, and the court erred in instructing the jury that he might be convicted of that crime. We need not determine the question whether the respondent could have been convicted of assault and battery under the first count, where no battery is specifically alleged. A battery is not necessarily, though usually, involved in an assault with intent to commit rape. The better practice is for the prosecutor to allege a battery if he intends to rely upon it. An assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under the age of 14 years, as provided in 3 Comp. Laws, § 11719.

"Any indecent liberties taken with the person of a female against her will is an assault and battery." Tiffany on Criminal Law (4th Ed.), p. 685.

It follows that the respondent was properly convicted

under this count. No requests were preferred upon this point. Other errors are assigned, but they are not of sufficient importance to discuss.

We find no error, and the conviction is affirmed.

MCALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.