PEOPLE *v.* PLACE.

1. CRIMINAL LAW—ASSAULTING FEMALE CHILD—EVIDENCE—RULE
   AS TO ADMISSION OF VOLUNTARY COMPLAINT.

   In a prosecution for assaulting a female child, and similar
   cases, the rule is that if a voluntary complaint was made
   by her within a reasonable time, it is competent to show
   when, where, and to whom the complaint was made, but
   details given of the cause of complaint are not competent.

2. SAME—EVIDENCE—HEARSAY.

   The relation by an officer of what the complaining wit-
   ness told, not as a complaint, but in answer to questions
   at an inquisition by the police department, not only as to
   the offense charged, but other similar ones committed by
   the accused, *held*, hearsay beyond the limits of said rule,
   and therefore not admissible, except for the purpose of
   impeachment.

3. SAME—BURDEN OF PROOF.

   The burden is upon the prosecution to prove that the
   offense took place at the time and place charged.

4. SAME — OTHER OFFENSES — TRIAL — INSTRUCTIONS AS TO TIME
   AND PLACE.

   In view of the admission of testimony of like offenses
   by defendant with the complaining witness on other oc-
   casions, the charge of the court that it was for the
   jury to determine whether defendant committed the offense
   "on or about" the date charged, and refusal to charge, as
   requested, that defendant could not be convicted unless
   they found that the offense was committed at the time
   and place charged, *held*, reversible error, although in an-
   other portion the charge confined the issue to the date
   charged.

5. SAME—ASSAULTING AND TAKING INDECENT LIBERTIES—LESSER
   OFFENSES INCLUDED.

   Included in the offense of assaulting and taking indecent
   liberties with the person of a female child in violation
   of 3 Comp. Laws 1915, § 15503, are the lesser offenses of
   assault and assault and battery.

On civil action for assault upon female person under age of
consent, see note in 6 A. L. R. 1016.

6. SAME—TRIAL—INSTRUCTIONS AS TO LESSER OFFENSES—APPEAL
AND ERROR.

Although, in a prosecution for assaulting and taking in-
decent liberties with the person of a female child, omis-
sion of the court to instruct the jury that the lesser
offenses of assault and assault and battery are included,
is not necessarily reversible error, it becomes the duty
of the court to so instruct when requested by the defend-
ant to do so.

7. SAME—RULE EXCLUDING TESTIMONY OF OTHER OFFENSES RE-
LAXED IN CASES INVOLVING SEXUAL RELATIONS.

In case of an offense involving sexual relations there is
an exception to the general rule excluding testimony of
other offenses, and therefore there was no error in per-
mitting the complaining witness to testify as to similar
conduct towards her on former occasions.

Exceptions before judgment from Muskegon;
Vanderwerp (John), J.     Submitted January 18,
1924.   (Docket No. 136.)     Decided March 5, 1924.

Fred Place was convicted of taking indecent liber-
ties with the person of a female child.     Reversed.

*George H. Cross*, for appellant.

*Andrew B. Dougherty*, Attorney General, *Harry W.
Jackson*, Prosecuting Attorney, and *R. Glen Dunn*,
Assistant Prosecuting Attorney, for the people.

STEERE, J.     Defendant was convicted in the circuit
court of Muskegon county of having, on February 3,
1923, assaulted and taken indecent liberties with the
person of Cleo Spicer, a female child under the age
of 14 years, without committing or intending to com-
mit the crime of rape.     At the time the crime is
charged to have been committed defendant Fred Place
was general manager of the Merchants' Collection
Association, and he is claimed by the prosecution to
have perpetrated it in the office of that association in

the Rosen block in the city of Muskegon on the afternoon of Saturday, February 3, 1923, during office hours. The only direct proof of the commission of the offense was the testimony of the girl claimed to have been assaulted, who testified in response to leading questions that she went to Place's office on the afternoon of that day where she was alone with him, when he seized hold of her, pulled up her dress, put his hand under and loosened her clothing and handled her in an improper and indecent manner, which as told by her constituted the offense charged.

Defendant raises and argues numerous assignments of error, most of which were also raised in a motion for a new trial. A point particularly pressed is that the verdict was against the overwhelming weight of evidence. This is based on the claim that other persons were in the office with Place the entire afternoon of that Saturday as shown by the testimony of various witnesses of different callings and walks in life who visited defendant's office for business purposes that afternoon, some confirming the date by receipts given them on that day. Most of them were apparently disinterested witnesses, who told of what times they went to his office, what the business was which took them there, of people they saw sitting there waiting to be served, how long they had to wait while defendant was busy with others, and how long it took to transact their own business with him. The various times these witnesses give as to their arrival and the length of time they remained cover the entire period from before noon until the office closed in the evening at 6 o'clock. Certain of them identified Cleo Spicer as a girl they saw come into the office and ask to use defendant's typewriter, which he refused her and she soon left, apparently provoked at his refusal. If believed, the testimony of these witnesses shows that other persons than the girl and defendant were in his office during all that afternoon either waiting for or

being waited upon by him, and that nothing of the kind she testified to took place there. While it was primarily for the jury to pass upon their testimony and hers, the situation suggests a careful scrutiny of certain errors assigned for defendant claimed to have prejudicially influenced the verdict.

Defendant had at one time lived in the same building as the Spicer family and had been acquainted with the girl Cleo for about four years. Her mother sent her to his office occasionally on Saturdays to make payments on some lots she had bought and the girl knew defendant's stenographer whom she called Stella. She testified that she also used to go up there to visit with Stella and they had a typewriter which they sometimes allowed her to use.

Cleo's first disclosure of the alleged assault was to a policewoman named Mrs. McVeigh whose duties were in connection with the welfare department. On March 15th Mrs. McVeigh sent to the school Cleo attended and had her brought over for an interview. She questioned and took her before Mr. Hansen the chief of police. Mrs. McVeigh made the complaint in this case, apparently on information elicited from the girl. Hansen was permitted to relate, against objection, that in the interview before him the girl told of defendant's criminal conduct with her, and that he had taken such advantage of her in his office on several occasions. Her story was obtained by the police officers from the girl by questioning her some six weeks after the offense is said to have taken place. The rule is well settled in this class of cases that if within a reasonable time the party assaulted makes a voluntary complaint, it is competent to show when, where and to whom a complaint was made, but details given of the cause of complaint are not competent. *People* v. *Hicks*, 98 Mich. 86; *People* v. *Bernor*, 115 Mich. 692; *People* v. *Marrs*, 125 Mich. 376. Testimony of the officer, against objection, re-

lating what this girl told, not as a complaint, but in answer to questions at an inquisition by the police department, not only as to the offense charged, but other similar ones committed by the accused, is hearsay beyond the limit of the rule. It is not claimed to have been introduced for the purpose of impeachment.

"This question has been before this court, and it has been distinctly ruled that such statements, or testimony, are not admissible as substantive proof for the purpose of convicting the accused, and that they are only competent for purposes of impeachment of the witness." *People* v. *Ayers,* 186 Mich. 366; citing cases.

"We are cited to no case which has gone further than to hold that prior statements can be introduced for the purpose of impeachment. No case holds that they be considered by the jury as substantive evidence of the commission of the crime charged." *People* v. *Miner,* 138 Mich. 290.

The time of the commission of this offense charged in the information was February 3, 1923. All evidence of the prosecution tending to prove the offense was directed to the afternoon of that day, in defendant's office. No other time or place was claimed. The burden of proof was upon the prosecution and the testimony of the defense was introduced to meet it as to that time and place. In one portion of the charge the court in effect told the jury it was for them to determine whether defendant committed the offense charged "on or about" that date, but in other portions of the charge confined the issue to "the 3d day of February last." While in juxtaposition those instructions are conflicting, it might be said under other circumstances that the charge as a whole made sufficiently clear the date to which the deliberations of the jury should be confined. But in view of this suggested leeway, and fact that the court admitted evidence which tended to show defendant had been

guilty of a like offense with the girl on other occasions, we think there was error in not more distinctly confining the charge to the afternoon of February 3, 1923, and in refusing the following specific request of defendant's counsel:

"You are instructed that you cannot legally convict the respondent unless you unanimously find beyond a reasonable doubt that the respondent took indecent and improper liberties with the person of Cleo Spicer on the afternoon of February 3, 1923, at the office of the respondent in the Rosen block in this city."

At the close of the charge to the jury counsel called the attention of the court to the fact that the charge in the information included lesser offenses of assault and assault and battery, requesting that the jury be so instructed. This the court declined to do, saying: "I don't think in this class of case the lesser offenses are included." The statute under which this information is filed (3 Comp. Laws, 1915, § 15503) as well as the information distinctly specify an assault in the first instance and the circumstances which make it felonious. The girl testified to an assault. She stated that defendant pulled up her dress, had hold of her and "held on to me so that I could not get away." This court has many times in reference to various kinds of felonious assaults held the greater crime included the lesser offenses and the accused was entitled to have the jury so instructed. In *People* v. *Courier*, 79 Mich. 366, it is said:

"If indecent liberties are taken with the child with no intent to have sexual intercourse, it is punishable as an assault; and the lesser crimes are contained within the greater."

While omission of the court to give such instruction is not necessarily reversible error, it becomes the duty of the court to so instruct when requested by the defendant. *People* v. *Allie*, 216 Mich. 133. The instruction requested should have been given.

The various other claimed errors are either not well founded or such as will naturally be avoided on a re-trial and need not be reviewed, with the exception of the court permitting testimony by the girl of similar conduct by defendant towards her on former occasions, which, it is urged in his behalf, offends against the rule that on trial of criminal cases the prosecution may not introduce evidence tending to show commissions by an accused of other distinct and independent crimes. A well established exception to this rule is in cases involving sexual relations between the parties or criminal conduct with the opposite sex inspired by sexual instincts, such as adultery, incest, rape or attempt to commit the same, unlawful cohabitation, white slavery, seduction, bastardy and, as we think reason and authority sustain, offenses such as this involving lewdness and indecency with a female child, tending to debase, destroy modesty and contribute to juvenile delinquency. 16 C. J. p. 604.

For the reasons stated the verdict is set aside and a new trial granted.

CLARK, C. J., and BIRD, SHARPE, MOORE, FELLOWS and WIEST, JJ., concurred. MCDONALD, J., did not sit.