Argued October 5, affirmed October 19, 1960

# STATE OF OREGON *v.* SCHELL
### 356 P. 2d 155

*C. S. Emmons*, Albany, argued the cause for appellant. On the brief were Willis, Kyle & Emmons, Albany.

*Courtney R. Johns*, District Attorney for Linn County, Albany, argued the cause and filed the brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Goodwin and King, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment of the circuit court, based upon a verdict, which found the defendant guilty of the crime of contributing to the delinquency of a minor (ORS 167.210). The indictment named as the victim of the crime the defendant's daughter, who was 13 years of age at the time of the trial, and charged that the defendant did "lewdly and lasciviously handle and manipulate the private parts" of the girl.

Evidence presented by the state showed that the defendant on the day charged in the indictment, August 28, 1959, committed acts with his daughter as specified in the indictment. It also showed that on three previous occasions he committed similar acts. The defendant objected when the testimony showing the similar acts was presented. The ruling which admitted this evidence is the subject of attack by the first assignment of error.

The defendant's brief says:

"The questions presented by this appeal are as follows: (1) In a case of this kind, which is not a case involving illicit sexual intercourse, can the State introduce evidence of similar acts by defend-

ant upon the same person at other times to prove tendency to commit such acts; (2)  \*  \*  \*."

The defendant argues that evidence showing similar acts by the defendant is admissible only in cases involving sexual intercourse.

In *State v. Risen,* 192 Or 557, 235 P2d 764, this court declared:

> "\* \* \* Although as a general rule in criminal prosecutions evidence is inadmissible which tends to show that the accused is guilty of crimes other than that charged in the indictment, an exception is recognized in several jurisdictions, including Oregon, in cases where a defendant is charged with any form of illicit sexual intercourse. In such cases, evidence that the defendant, either before or after the date charged in the indictment, had committed similar offenses with or against the same person named in the indictment as either victim or *particips criminis,* is admissible against him. \* \* \*"

Statements similar to the one just quoted concerning the admissibility of evidence showing the accused's commission of other similar acts where he is charged "with any form of illicit sexual intercourse" were made in *State v. Ewing,* 174 Or 487, 149 P2d 765; *State v. Gillis,* 154 Or 232, 59 P2d 679; and *State v. O'Donnell,* 36 Or 222, 61 P 892. Undoubtedly the broad sweep of the language "any form of illicit sexual intercourse" was chosen to embrace cases other than rape.

Virtually the same issue as that presented by this defendant-appellant was decided adversely to a similar defendant-appellant in *State v. Du Bois,* 175 Or 341, 153 P2d 521. In that case, as in this one, the charge was contributing to the delinquency of a minor. In that case this court said:

> "The court did not err in admitting evidence of

sexual intercourse between the defendant and this girl on various occasions within a period of time not barred by the statute of limitations. Ordinarily, moral delinquency is not accomplished over night. It may be the result of continuous wrongful acts all of which form an inseparable transaction. Such evidence not only tends to show the intent with which the alleged crime was committed, but also the sexual inclination or lustful disposition of the defendant towards this young girl: State v. Ewing, 174 Or 487, 149 P2d 765; State v. Gillis, 154 Or 232, 58 P2d 679; People v. Wilhite, 49 Cal App 246, 193 P 151; Underhill's Criminal Evidence (4th Ed) § 186; Wharton's Criminal Evidence (11th Ed) § 356; 16 C.J. 596, Criminal Law § 1152."

In *State v. Pierce,* 59 Ariz 411, 129 P2d 916, where the charge was contributing to the delinquency of a minor, the trial court received evidence showing that the defendant had committed a similar offense upon the alleged victim. In holding that the receipt of this testimony was not error the court, upon appeal, ruled:

"The next assignment is that the state was permitted to have the witness S testify as to a different offense of the same class committed at a different place and time from any of those charged in the information. The court did permit this, but stated that it was admitted solely on the ground that it was an attempt to show offenses of a similar character, and instructed the jury 'you will consider this * * * in so far as it may have a bearing upon the other offenses that he is alleged to have committed in this information.' The same question arose in the case of Taylor v. State, 55 Ariz. 13, 97 P2d 543, where the offense charged was statutory rape instead of contributory delinquency, and we stated that evidence of similar offenses to that charged tended to show a system, plan or scheme, and held the evidence admissible. Obviously the same rule applies in cases of the

present nature. In view of the charge of the court limiting the effect of the evidence objected to, we think there was no error in admitting it."

*People v. Oliver,* 29 Cal App 576, 156 P 1005, in which the charge was contributing to the delinquency of a minor, held to the same effect as the foregoing decisions.

The following is taken from *People v. Richardson,* 17 Ill 2d 253, 161 NE2d 268, in which the charge was taking indecent liberties with his seven-year-old daughter and contributing to her delinquency:

"The defendant complains of the admission of certain evidence. His daughter was permitted to testify without objection to an act of taking indecent liberties on May 19, 1955, two days subsequent to the date of the alleged crime. As a general rule an accused may not be convicted of an offense upon proof that he committed another offense, but there are exceptions to the rule. In indecent liberties cases, separate offenses with the same child are competent to show the relationship of the parties and is evidence of the intent with which the act was done. People v. Kerney, 413 Ill 404, 108 NE2d 779. This is true whether the other act occurred before or after the one for which the defendant was indicted."

See, to similar effect, *People v. Anderson,* 375 Ill 163, 30 NE2d 648.

In *State v. Berube,* 139 Me 11, 26 A2d 654, where the charge was taking indecent liberties with a female minor the trial judge permitted the minor, over the defendant's objections, to testify to acts of earlier happenings between the parties similar to the offense charged. In holding that no error was committed and in sustaining the judgment of guilt the court said,

"the testimony was admitted only for the purpose of showing the relationship between the parties."

*Grabowski v. State,* 126 Wis 447, 105 NW 805, arose out of the defendant's conviction of having taken improper and indecent liberties with a ten-year-old girl. We now quote from the decision:

"Error is assigned because the court admitted testimony of the little girl as to the accused taking indecent liberties with her person a short time prior to the time in question. Such evidence was clearly admissible, as tending to prove the motive and intent of the accused in doing the acts complained of. Benedict v. State, 14 Wis 459; Proper v. State, 85 Wis 628-631, 51 NW 1035; Lanphere v. State, 114 Wis 193, 200, 201, 89 NW 128; Bannen v. State, 115 Wis 330, 331, 91 NW 107, 965; 4 Elliott on Evidence, § 2720, and cases there cited. * * *"

The following is taken from *People v. Place,* 226 Mich 212, 197 NW 513, in which the charge was taking indecent liberties with a female minor:

"* * * A well-established exception to this rule is in cases involving sexual relations between the parties or criminal conduct with the opposite sex inspired by sexual instincts, such as adultery, incest, rape, or attempt to commit the same, unlawful cohabitation, white slavery, seduction, bastardy, and, as we think reason and authority sustain, offenses such as this, involving lewdness and indecency with a female child tending to debase, destroy modesty, and contribute to juvenile delinquency. 16 Corpus Juris, 604."

An extensive annotation in 167 ALR 565 includes at page 622 this statement:

"The courts are agreed that in a trial for carnal abuse of a child evidence is admissible, notwith-

standing it tends to show that the accused committed like offenses against the same child on prior occasions.   *   *   *"

At page 627 the annotation declares:

"It has been held that evidence as to the commission of similar offenses with the child by the defendant was admissible in a prosecution charging the defendant with contributing to the delinquency or dependency of a minor.   *   *   *"

We are fully satisfied that the challenged testimony was admissible to establish lust, intent and the girl's attraction for the defendant. This assignment of error possesses no merit.

■ The defendant-appellant's final assignment of error is based upon an instruction, given to the jury, which the defendant says authorized a verdict of guilt even though the jury did not believe that the crime charged in the indictment was established but thought that he was guilty of one of the similar acts which the girl had described. Before the trial judge permitted the girl to describe the three similar episodes he told the jury:

"*   *   *   I will say to the jury that whatever the answer may be to this question it is to be considered by the jury for what weight and effect it may have in the minds of the jury tending to show, if it does show or if it lacks the showing, of the lustful or licentious disposition of the defendant, and for no other purpose. I am saying to the jury it does not go to the idea of whether it tends to prove or disprove the direct allegations in the indictment, but it is admissible for the purpose of showing, if it does show, the lustful or licentious disposition of the defendant. It cannot be considered by the jury for any other purpose."

The defendant made no objection to that charge. Still later, after both sides had rested and the oral arguments had been made, the trial judge, in instructing the jury, included the part which the defendant challenges in this assignment of error. After the defendant had taken his exception to that part of the charge the trial judge at once returned the jury to the jury box and then gave them an additional instruction that it could not find the defendant guilty upon evidence of any of the similar acts but would have to find him guilty, if it so did at all, upon the charge delineated in the indictment. The defendant took no exception to that charge. We believe that the jury could not have misunderstood. The second assignment of error discloses no merit.

The judgment of guilt is affirmed.