## PEOPLE v. CARR.

1. CRIMINAL LAW—ASSAULT—INDECENT LIBERTIES—EXPLANATION OF RESPONSIVE ANSWERS.

   Refusal to strike claimed unresponsive answers of mother of allegedly assaulted 10-year-old girl as mother testified in trial of defendant on charge of assaulting and attempting to take indecent and improper liberties with a child under the age of 16 years *held,* proper, where the obviously responsive parts of the answers were followed by explanation not connecting the defendant more than the direct evidence (CLS 1961, § 750-.336).

2. SAME—MISCARRIAGE OF JUSTICE.

   A judgment or verdict in a criminal case may not be set aside or reversed or new trial granted on the ground of misdirection

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  20 Am Jur, Evidence §§ 245, 246, 251.
[2]  39 Am Jur, New Trial § 139.
[4]  53 Am Jur, Trial § 509.
[5, 8]  53 Am Jur, Trial § 842.
[6, 7]  6 Am Jur 2d, Assault and Battery §§ 24, 25.

of the jury, improper admission or rejection of evidence, or error as to any matter of procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice (CL 1948, § 769.26).

3. SAME—ASSAULT—INDECENT LIBERTIES—EXPLANATION OF ANSWERS BY WITNESS.

Explanatory portions of answers of mother of allegedly assaulted 10-year-old girl involved in prosecution of defendant on charge of assaulting and attempting to take indecent and improper liberties with a child under the age of 16 years, even if irrelevant and unresponsive, *held*, not reversibly prejudicial, when considered with all the evidence in the case (CLS 1961, § 750.336; CL 1948, §769.26).

4. TRIAL—PURPOSE OF INSTRUCTIONS.

The purpose of court's instructions to the jury is to assist the jury in deliberating upon the facts in order to better understand the entire case.

5. CRIMINAL LAW—INSTRUCTIONS.

Jury instructions in a criminal case must be read in their entirety in order to determine whether prejudicial error is present.

6. SAME—INDECENT LIBERTIES—ASSAULT.

An assault or assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under 16 years of age (CLS 1961, § 750.336).

7. SAME—ATTEMPT TO TAKE INDECENT LIBERTIES—ASSAULT.

An assault is a necessary element in the crime of attempting to take indecent and improper liberties with a female child under 16 years of age (CLS 1961, § 750.336).

8. SAME—INSTRUCTIONS—ASSAULT—INDECENT    LIBERTIES—MISCARRIAGE OF JUSTICE.

Supplemental instructions to jury requesting an explanation of the difference between "assault and simple assault" in prosecution for assaulting and attempting to take indecent liberties with a 10-year-old girl *held*, not to contain prejudicial error or to result in a miscarriage of justice, when the instructions to the jury are considered in their entirety (CLS 1961, § 750.336; CL 1948, § 769.26).

Appeal from Superior Court of Grand Rapids; Vander Ploeg (Claude), J. Submitted Division 3 November 2, 1965, at Grand Rapids. (Docket No. 745.) Decided January 25, 1966.

Willie Carr was convicted of assault with intent to take indecent and improper liberties. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Norman K. Kravitz,* Assistant Prosecuting Attorney, for the people.

*Godfrey Vander Werff,* for defendant.

HOLBROOK, P. J. The defendant-appellant was tried and convicted September 29, 1964, in the superior court for Grand Rapids, before a jury, of the offense that he did "unlawfully and feloniously assault a child under the age of 16 years, to-wit: [A][1] of the age of 10 years, and did attempt to take indecent and improper liberties with the person of said child."[2] On the afternoon of June 27, 1964, the defendant's daughter, [B],[1] of about 10 years of age, and a friend of A's asked A to stay at B's home that night. A's parents were consulted, and they gave their consent. After playing in the evening, the two girls went to bed about 11:30 p.m. in a bed on the porch. Sometime thereafter, about 12:45 that same night, defendant took a blanket to put over the two children. At the time, B was asleep, but A was awake, and the alleged acts took place. A, disturbed and crying, awakened B and asked her to unlock the door and A immediately went home without getting her clothes, and made complaint to her parents of what had occurred.

---

[1] Identity not disclosed.
[2] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).

After conviction and sentence, the defendant made a motion for a new trial claiming therein and on this appeal from the denial of said motion (1) Mrs. M, mother of A, was guilty of misconduct in testifying in the case by giving claimed prejudicial unresponsive answers to questions asked of her on cross-examination, particularly as follows:

"*Q.* So the only two occasions she talked about it was the night she returned to your house when it was dark, and when she talked to Mrs. Visser the following week?

"*A.* No, because she talked to that detective on Saturday or Monday, I can't remember.

"*Q.* At any other time, did she discuss that with you?

"*A.* No, we was very definite about not talking about it because then it come out about [B], and [B] was so upset, and [B], more or less, upset [A]   *   *   *

"*Q.* [Mrs. M], it was only on two occasions that you discussed this with your daughter, is that true?

"*A.* I don't believe you can knock it down to two times. A child is going to, all the sudden, say something to you, and you will make, maybe, one sentence, remark, or, if you feel she wants to say a little more, you might sit down and try to explain something to her, like out of a clear sky, she might say to you, 'Why, that must be why he took us swimming for a week to try to get on our good side.' I have got to have an answer for her."

and, (2) claimed error of the trial judge in giving supplementary instructions to the jury at their request after they had commenced deliberation. Their request appears in the record as follows:

"Your Honor, one or two of the jurors have asked questions what is the difference — they haven't got it clear in their mind is the difference between assault and simple assault."

Defendant claims error in that the trial judge in answering the question of the jury stated that "within every offense of indecent liberties there has to be an assault" and then stated "that in this case, it is claimed that there was an attempt to take indecent liberties" and then gave instructions on the main charge as well as the lesser offense of simple assault.

We will first consider defendant's claims of prejudicial error by reason of the trial judge failing upon request to strike the claimed irrelevant answers of Mrs. M.   The witness was asked questions concerning discussions with the daughter of the occurrence and then asked "at any other time did she discuss it with you?"  The answer was "no," (which was responsive), and then in explanation, the witness said, "We was very definite about not talking about it because then it come out about [B], and [B] was so upset, and [B], more or less, upset [A]."  To find whether this was prejudicial, we need to consider the facts as claimed by the people and testified to by A, *i.e.*, she was at her little friend's home staying all night, that she was in bed with B, and that something unusual happened and that she was crying, and awakened B from a sound sleep and asked her to unlock the door so she could go home. This would be ample justification for B to be upset and to ask questions concerning the occurrence. There is nothing else in the evidence or record that would indicate any other conclusion.   This does not, more than the direct evidence, connect the defendant with the alleged offense.

As to the other claimed prejudicial unresponsive answer of Mrs. M's:

"*A.* I don't believe you can knock it down to two times.  A child is going to, all the sudden say something to you, and you will make, maybe, one sentence, remark, or, if you feel she wants to say a little more, you might sit down and try to explain something to

her, like out of a clear sky, she might say to you, 'Why, that must be why he took us swimming for a week to try to get on our good side.' I have got to have an answer for her."

The first part of the answer was responsive and the last part was in explanation. It had already been testified that the defendant had taken the children swimming on several occasions the week prior to the claimed offense. Although it was hearsay, it did not increase the damage to the defendant, considering all the evidence including the testimony of A.

CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096) provides as follows:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

It does not appear to this Court that these two irrelevant unresponsive answers in explanation prejudiced the defendant when considered with all the evidence in the case.

As to the claimed error of the supplemental instructions, the Court finds that the jury in requesting an explanation of the difference between "assault and simple assault" had reference to the offenses they were considering: that is, assault and attempt to take indecent and improper liberties with a female child under the age of 16 years, and the lesser included offense of simple assault. No other interpretation would justify the question. The purpose of instructions to the jury is to assist them in deliberating upon the facts in order to better under-

stand the entire case. *People* v. *Knoll* (1932), 258 Mich 89.

Defining the offense charged as well as the lesser included offense of simple assault in the supplemental instructions was necessary in order to give proper aid to the jurors so that they might understand fully the entire case.

Jury instructions in a criminal case must be read in their entirety in order to determine whether prejudicial error is present. *People* v. *Dye* (1959), 356 Mich 271 (certiorari denied, 361 US 935 [80 S Ct 367, 4 L ed 2d 355]).

The instructions together with the supplemental charge fully and adequately defined the charged offense and the lesser included offense of simple assault and did not place undue emphasis upon the greater crime.

An assault or assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under 16 years. *People* v. *Sanford* (1907), 149 Mich 266; *People* v. *Dupree* (1913), 175 Mich 632; and, *People* v. *Place* (1924), 226 Mich 212. By the same token, an assault is a necessary element in the crime of attempting to take indecent and improper liberties with a female child. We find no error in the supplemental instructions.

We reiterate what Chief Justice STARR stated in the case of *People* v. *Pizzino* (1945), 313 Mich 97, 103:[3]

" 'We have no right to reverse a conviction unless we are satisfied that there was such error committed on the trial as deprived the defendant of substantial rights or resulted in a miscarriage of justice.' "

We have carefully examined the record and are convinced that the errors complained of did not

---

[3] Quoting *People* v. *Kasem* (1925), 230 Mich 278, 290.

result in a miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

The trial court did not err in denying defendant's motion for a new trial. Defendant's conviction affirmed.

BURNS and J. H. GILLIS, JJ., concurred.