PEOPLE *v.* ANDERSON.

1. WITNESSES—PRIOR STATEMENTS—IMPEACHMENT—INSTRUCTIONS.
  Testimony at prior proceedings, statements, or declarations of witness which are inconsistent with testimony at trial, may be used to refresh memory of the witness or to impeach her but, may not be received as substantive evidence in proof of alleged crime and trial judge should so instruct jury.

2. CRIMINAL LAW—RAPE—VICTIM'S STATEMENTS AT PRELIMINARY EXAMINATION—EVIDENCE—REFRESHING RECOLLECTION.
  Statements by alleged victim of statutory rape made at preliminary examination, which were inconsistent with victim's testimony at trial, *held*, admissible for the purposes of refreshing witness's recollection but not as evidence of the substantive facts (CLS 1961, § 750.520).

Appeal from Berrien; Hadsell (Phillip A.), J. Submitted Division 3 January 5, 1966, at Grand Rapids. (Docket No. 117.) Decided April 12, 1966.

James Ivan Anderson was convicted of statutory rape. Defendant appeals. Reversed and conviction set aside.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses §§ 596, 790.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solictor General, *John T. Hammond,* Prosecuting Attorney, and *Harry J. Creagar,* Assistant Prosecuting Attorney, for the people.

*Hartwig, Crow & Jones* (*F. A. Jones,* of counsel), for defendant.

WATTS, P. J.   Defendant James Ivan Anderson was convicted of statutory rape and sentenced to 3 years' probation and a fine.   Motion to set aside conviction and request for a new trial was denied, and defendant appeals.   The case was transferred to the Court of Appeals on October 14, 1964.

Defendant was convicted under CLS 1961, § 750-.520 (Stat Ann 1954 Rev § 28.788) of rape upon a 13-year-old girl.   She testified at the examination before a municipal judge that she had sexual intercourse with the defendant in Berrien county on the day alleged in the complaint.   The examining judge found probable cause of the offense having been committed by the defendant on June 8, 1964, and held the defendant for trial before the circuit court.

In the circuit court trial, the complainant testified that the defendant did not have sexual intercourse with her on June 8, 1964.   The assistant prosecuting attorney questioned the complainant in detail relative to the testimony she gave at the examination. The complaining witness testified that she did not tell the truth at the examination and repeated her testimony that she did not have sexual intercourse with the defendant on June 8, 1964.

The defendant in the circuit court trial denied that he had sexual intercourse with the complainant on the alleged date.

The court instructed the jury in part as follows:

*The Court:* "Now, the people claim that they have proved beyond a reasonable doubt that the defendant did have sexual relations with this girl on the date in question, at Benton township in Berrien county, Michigan. The defendant denies that he had sexual relations with her on that date. The prosecuting witness testified that she did not have sexual relations with him on that date. She also testified that on previous occasions and under oath she testified that she did have sexual relations with him on that date, so that becomes the sole question for you to determine in this case. Did the defendant have sexual relations with the prosecuting witness on the day in question?"

Under the instructions of the court, the jury was permitted to convict the defendant upon the testimony of the complainant taken before the examining judge. At the trial the only two witnesses to the alleged offense both denied emphatically that the complainant had sexual intercourse with the defendant on the alleged date.

The issue involved in the instant case is: Did the trial court err in refusing to grant a motion for directed verdict of acquittal where there was no evidence offered that defendant had sexual intercourse on the date charged in the complaint for statutory rape and the only testimony of defendant's guilt was the testimony of the complaining witness given at the preliminary hearing, the truth of which she denied when asked at the trial if she recalled her previous testimony?

Justice GRANT, writing the opinion of the Court in *People v. Miner* (1904), 138 Mich 290, 292, said:

"This same question was before us in the case of *People v. Elco,* 131 Mich 519, 523, in which the majority of the court held that, where a witness whom

the people were bound to produce had made prior statements contradictory to those made upon the trial, such prior statements could be introduced to impeach her testimony. The respondent was entitled to have the witnesses against him produced in open court. The people could not introduce the prosecutrix's deposition taken upon the examination, where the prosecutrix herself could be produced upon the trial. We are cited to no case which has gone further than to hold that prior statements can be introduced for the purpose of impeachment. No case holds that they be considered by the jury as substantive evidence of the commission of the crime charged.[1] The case is ruled by *People* v. *Elco.*

"The crime charged is one of the most heinous and revolting known to the law. If the sole evidence is that of the alleged victim, and she has asserted under oath the commission of an offense, and afterwards denied it under oath, and there is no other evidence pointing to guilt, it would seem that neither law nor justice would permit a conviction."

Justice WIEST, writing the opinion of the Court in *People* v. *Korn* (1921), 217 Mich 170, 172, said:

"Against objection, the prosecutor was permitted to question the complaining witness about his testimony given at the examination. This might have been proper for the purpose of refreshing his recollection, but not to get before the jury as substantive evidence what he testified to on the examination. The jury should have been warned at the time, or at least instructed in the charge, of the only legitimate purpose of such questioning. We note, however, that this was not done."

See, also, *People* v. *Ayers* (1915), 186 Mich 366.

We are mindful that on occasion counsel may be taken by surprise by the unexpected and unfavorable testimony of a witness which he calls to the

---

[1] See, also, CL 1948, § 768.26 (Stat Ann 1954 Rev § 28.1049).

stand. Under such a circumstance, it may be necessary for counsel in his search for the truth to interrogate the witness in respect to his prior declarations, statements, and testimony given at prior proceedings which are inconsistent with the testimony given in the instant case for the purpose of refreshing the witness' recollection.

When such an occasion arises, the prior declarations, statements, and testimony given at such prior proceedings cannot be received as substantive evidence in proof of the alleged crime, and the jury should be so instructed.

It is our opinion that there is no question of fact to be submitted to the jury. The conviction of the defendant is set aside.

FITZGERALD and HOLBROOK, JJ., concurred.