PEOPLE *v*. OAKS

1. CRIMINAL LAW — EVIDENCE — INDECENT LIBERTIES — PRIOR
OFFENSES — MOTIVE — INTENT — PREJUDICE.

Testimony of indecent liberties on prior occasions with the
person of a child under the age of 16 was erroneously admitted
where defendant was charged with taking indecent liberties
with that child, as defendant's intention or scheme prior to
any touching of the child was not material, where defendant
denied the accusation, the statutory question of motive, intent,
absence of mistake or accident were not material to the
resolution of whether defendant did touch the child in the
manner she alleged, the testimony had no probative value,
and could only have served to prejudice the jury (MCLA
§§ 750.336, 768.27).

2. CRIMINAL LAW — EVIDENCE — INDECENT LIBERTIES — PRIOR
OFFENSES — ADMISSIBILITY.

Evidence of prior similar acts of indecent liberties between
defendant and prosecutrix are admissible for the limited pur-
pose of showing opportunity, disposition of the parties, and
intimate relations tending to break down self-respect and
modesty, or to show concert of action and a common design
between the parties and the opportunity to indulge in such
acts; therefore, where defendant is charged with taking in-
decent liberties with the person of a child under the age of
16, it is incumbent upon the prosecutor to show for which
of these purposes he seeks to have that evidence admitted,
that this purpose is material and relevant to the case and he
had the burden of establishing a proper purpose for the
admission of that evidence, further, the trial court should
carefully weigh the probative value of that evidence against
its prejudicial effect and instruct the jury immediately as
to the limited nature of the evidence (MCLA § 750.336).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]    29 Am Jur 2d, Evidence § 320 *et seq.*

Appeal from Kent, Roman J. Snow, J. Submitted
Division 3 October 7, 1969, at Grand Rapids.
(Docket No. 6,617.) Decided May 26, 1970. Leave
to appeal denied July 24, 1970. 383 Mich 808.

Kyle Oaks was convicted of taking indecent lib-
erties. Defendant appeals. Reversed and re-
manded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Robert J. Stephan,* As-
sistant Prosecuting Attorney, for the people.

*Luyendyk, Hainer, Karr & Edens (Norman K.
Kravitz,* of counsel), for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and
LEVIN, JJ.

R. B. BURNS, J. Defendant was convicted of tak-
ing indecent liberties with his eight-year-old
daughter in violation of MCLA § 750.336 (Stat Ann
1954 Rev § 28.568). The trial court allowed into evi-
dence, over objection, testimony by the daughter
that defendant had taken similar liberties with her
person "about ten or five times" prior to the act
charged. The basis relied on by the trial court for
admitting this testimony into evidence was MCLA
§ 768.27 (Stat Ann 1954 Rev § 28.1050), the statu-
tory exception to the general rule that in a criminal
trial evidence of other, distinct offenses is not ad-
missible even though identical to the charged offense.
It provides:

"In any criminal case where the defendant's mo-
tive, intent, the absence of, mistake or accident on

his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

This statute has been held not to apply to the sexual offenses of sodomy, gross indecency, and suggesting to a minor that he submit to an act of sexual intercourse with an adult female, because in these types of cases the question of motive, intent, mistake, or accident, or the existence of a scheme or plan is not involved. See *People* v. *Askar* (1967), 8 Mich App 95; *People* v. *Dean* (1931), 253 Mich 434; *People* v. *Riddle* (1948), 322 Mich 199.

*People* v. *Visel* (1936), 275 Mich 77, 79 states:

"The major crime of taking indecent and improper liberties is not committed by an intent, short of consummation. The liberties, penalized by the statute, are such 'as the common sense of society would regard as indecent and improper.'"

The defendant's intention or scheme prior to any touching of his daughter was not material; only his intention at the time of the touching would be determinative of his guilt or innocence of taking indecent liberties with his daughter.

The prosecution charged, and the defense denied, that defendant took an indecent liberty with the person of his daughter. The statutory questions (motive, intent, absence of mistake or accident) were not material to the resolution of the issue of whether the defendant did in fact touch his daughter

in the manner she alleged. The evidence was admitted erroneously and the jury was erroneously instructed thereon. It had no probative value and could only have served to prejudice the jury; a new trial must therefore be ordered.

There is another exception based on case law which permits the introduction of evidence of prior similar offenses between defendant and prosecutrix for the limited purpose of showing "opportunity, disposition of the parties, and intimate relations tending to break down self-respect and modesty." See *People* v. *Donald D. Williams* (1965), 2 Mich App 91.

*People* v. *Jenness* (1858), 5 Mich 305, is the leading Michigan case to set forth the doctrine. The Court stated on pages 321, 322:

"We think there is much good sense in these decisions, and that a crime consisting of illicit sexual intercourse, like the present, involves different principles in this respect, and should be governed by different rules from those which apply to offenses generally, or perhaps to any other class of offenses. This offense can only be committed by the concurrent act of two persons of opposite sexes; and the assent or concurrence of the one is as essential to the commission of the offense as that of the other; and, as a general rule, *both* must be guilty, or *neither*.

"In the case of an indictment against the man for such intercourse  *  *  *  , previous familiarities, and the general or habitual submission of the female to his sexual embraces, must, in the nature of things, tend to render it much more probable that the like intercourse took place on the occasion charged—the opportunity being shown. And such is the force and ungovernable nature of this passion, and so likely is its indulgence to be continued between the same par-

ties, when once yielded to, that the constitution of the human mind must be entirely changed before any man's judgment can resist the force of such an inference to be drawn from previous acts of intercourse between the same persons. See the force of such evidence illustrated in *Weatherly* v. *Weatherly,* 29 Eng. L. & Eq. 605. This is not showing the commission of other merely similar offenses, but a repetition of the same offense between the same persons, and in all its criminal features necessarily identical.

"Again, such previous acts necessarily show concert and a common design of both the parties to commit the act charged, and habitually to indulge their criminal desires as opportunity might offer, and making, in some respects, the act of each the act of both."

This exception to the general rule, except for *People* v. *Place* (1924), 226 Mich 212, has allowed such evidence admitted to show concert of action and a common design between the parties and the opportunity to indulge in such acts. *People* v. *Place, supra,* reversed the trial court on other grounds and stated that such testimony was admissible in cases of indecent liberties but did not state the purposes of such admission.

Therefore, in such cases it is incumbent upon the prosecutor to show for which of these purposes he seeks to have the evidence admitted, and that this purpose is material and relevant to the case being tried; it is also incumbent upon the trial court to instruct the jury immediately as to the limited nature of the evidence. *People* v. *Askar, supra.*

At the new trial the prosecutor must meet his burden of establishing a proper purpose for the admission of this evidence and the probative value of the evidence should be carefully weighed against its prejudicial effect by the trial court.

Reversed and remanded for a new trial. Defendant will be remanded to the custody of the Kent county sheriff to await his new trial.

LEVIN, J., concurred.

HOLBROOK, J., concurred in result.