PEOPLE v. OSBORN

CRIMINAL LAW—INDECENT LIBERTIES—ELEMENTS—ASSAULT.
   The taking of indecent liberties necessarily constitutes an as-
   sault; an assault separate and apart from the taking of the
   indecent liberties need not be proved to sustain a conviction of
   taking indecent liberties with a child under 16 years old
   (MCLA § 750.336).

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 January 8, 1971, at Grand Rapids. (Docket No. 8906.) Decided February 24, 1971.

Oren Osborn was convicted of taking indecent liberties with a child under the age of 16. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Hartwig, Crow & Jones,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

PER CURIAM. This is an appeal as of right from a non-jury conviction on a charge of indecent liber-

ties with a child under the age of 16, MCLA § 750-.336 (Stat Ann 1954 Rev § 28.568.)

At the trial, the complaining witness, a girl of 14, testified that she and a girl friend were at defendant's house on June 17, 1969. She further testified that while they were at the house, defendant asked her and her girl friend to follow him into the bedroom. Complainant testified that after they were in the bedroom defendant told her to take her clothes off and lay on the bed. She then testified that after she had complied with the defendant's demand, the defendant took off his clothes and laid on top of her for about five minutes. He then gave the complainant and her companion a dollar and left. Complainant also testified that she was afraid of defendant.

On appeal, defendant contends that under the statute two things must be proven: first, that there was an assault on a child under the age of 16 years; and second, following the assault there must be a taking of indecent liberties with the child. The relevant statute provides, in part:

"Any person or persons over the age of 16 years, who shall assault a child under the age of 16 years, and shall take or attempt to take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape or the crime of sodomy or gross indecency upon such child, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 10 years, or by fine of not more than $5,000."[1]

The issue to be decided by this court is, therefore, whether the crime of taking or attempting to take indecent liberties with a child under the age of 16,

---

[1] MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).

as set forth by the above statute, requires an assault as an essential element.

In *People* v. *Carr* (1966), 2 Mich App 222, 228, this court stated:

"An assault or assault and battery is necessarily involved in the crime of taking indecent * * * liberties with a * * * child under 16 years. *People* v. *Sanford* (1907), 149 Mich 266; *People* v. *Dupree* (1913), 175 Mich 632; and *People* v. *Place* (1924), 226 Mich 212. By the same token, an assault is a necessary element in the crime of attempting to take indecent and improper liberties with a female child."

The first sentence in the above-quoted paragraph indicates, therefore, that if one takes indecent liberties with a minor, then one has necessarily committed an assault. However, the second sentence indicates that if one *attempts* to take indecent liberties with a child, an assault is an additional element of the offense.

We do not agree with the defendant that an assault separate and apart from the act itself must be proven. In *People* v. *Sanford* (1907), 149 Mich 266, which the court in *Carr, supra,* cited, the Supreme Court stated:

"An assault and battery is necessarily involved in the crime of taking indecent and improper liberties with a female child under the age of 14 years, as provided in 3 Comp Laws, § 11719."

The taking of indecent liberties necessarily constitutes an assault. The conduct described by the complainant in her testimony does constitute "taking indecent liberties"; we find no merit in defendant's contention that an essential element of the crime is absent.

Defendant also contends that because of the discrepancies of the testimony of the witnesses, the lower court abused its discretion in finding defendant guilty beyond a reasonable doubt.

Although there were discrepancies in the testimony, and these discrepancies were acknowledged by the trial court, the trial court ruled that guilt was established beyond a reasonable doubt. Because the trial court heard and saw the witnesses, it was in a better position than this court to judge their credibility and because it found evidence to establish guilt beyond a reasonable doubt and such finding is supported by the record, this Court will not reverse the verdict of the trial court. *People* v. *Szymanski* (1948), 321 Mich 248.

Affirmed.