### PEOPLE. v. KELLEY.

CRIMINAL LAW—JURY—VOIR DIRE—OBJECTION.
> Failure by defense attorney, aware of social relationship of a potential juror to one of witnesses in a criminal case, to object to seating of the juror on *voir dire* examination forecloses objection on appeal.

Appeal from Hillsdale, McIntyre (Robert W.), J. Submitted Division 2 June 5, 1968, at Lansing. (Docket No. 4,306.) Decided June 24, 1968.

Leslie Kelley was convicted by a jury of willfully obstructing and resisting peace officers attempting to serve a warrant and in their efforts to preserve and maintain the peace. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lawrence L. Hayes,* Chief Assistant Prosecuting Attorney, for the people.

*Charles G. Gibbons,* for defendant.

PER CURIAM. Defendant was convicted by a jury of willfully obstructing and resisting peace officers attempting to serve a warrant and to preserve and maintain the peace. CL 1948, § 750.479 (Stat Ann 1954 Rev § 28.747). Defendant appeals claiming

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 628.

the trial court erred by allowing a potential juror having a social relationship with one of the witnesses to remain on the jury. In reviewing the record it reveals that defense counsel was aware of the relationship and when asked if he was satisfied with the jury for cause replied "Yes, sir." Defendant's failure to object at the *voir dire* examination indicating his satisfaction of the jury, forecloses his objection on appeal.

Affirmed.

LESINSKI, C. J., and BURNS and FENLON, JJ., concurred.